JACKSON, *ex dem.* CLARKE, *against* RANDALL.

In ejectment for dower, admeasured on application to the surrogate, under the act, (1 R. L. 60, 1, 2,) the proceedings are no evidence of title, nor of any thing more than that *the part assigned belongs to the widow*, after a title is shown to the whole. The plaintiff must prove his title, the same as in any other actions of ejectment ; and the defendant may impeach it.

EJECTMENT, for lands assigned to the lessor of the plaintiff as dower, pursuant to the statute, (1 R. L. 60, 1, 2,) on her petition to the surrogate of Otsego county, tried at the Otsego Circuit, September, 1824, before NELSON, C. Judge.

At the trial, the intermarriage of the lessor of the plaintiff with Samuel Tyler, and his death, about three years before the trial, being proved by the plaintiff, his counsel then gave in evidence the proceedings before the surrogate ; by which it appeared that certain lands, particularly described in the proceedings, situate in Pittsfield, Otsego county, had been admeasured and assigned to the lessor of the plaintiff, as dower, upon the seisin of her husband, during coverture, by admeasurers, appointed according to the statute, &c. and that the report of the admeasurers was filed before the commencement of this suit ; that the defendant had due notice of the petition, and consequent proceedings, for admeasuring and assigning the dower.

The defendant's counsel then offered to prove that he was, when the proceedings before the surrogate were commenced against him, not seised of any freehold in the premises; but was merely a tenant from year to year; which was objected to by the plaintiff's counsel, and excluded by the Judge.

The counsel for the defendant also insisted that notice to the defendant, of the proceedings before the surrogate, was insufficient; and should have been given to the tenant of the freehold; which objection was overruled by the Judge.

The defendant's counsel then offered to show an outstanding title in a third person, and that the lessor of the plaintiff had no right to dower. This offer being objected to by the plaintiff's counsel, was overruled by the Judge; and the jury found for the plaintiff.

*J. M'Kown,* for the defendant, moved for a new trial; and cited *Matter of Martha Watkins,* (9 John. 245;) *Matter of Esther Gardinier,* (10 id. 368;) and *Jackson* v. *Hixon,* (17 id. 123, 126.)

*G. C. Bronson,* contra, cited *Coates* v. *Cheever,* (1 Cowen's Rep. 460.)

*Curia,* per SUTHERLAND, J. The Judge erred in holding these proceedings conclusive evidence of the title and seisin of the husband. In the *Matter of Martha Watkins,* widow, (9 John. 246,) the Court say, the proceedings of the surrogate, under the act, are founded on the assumption that the widow is entitled to her dower out of the estate in question; and that it is only to be designated and set off. There is no provision for trying, before the surrogate, the title to dower; and the admeasurement to be made, in pursuance of his order, cannot affect, or prejudice the right to dower, or the legal or equitable bar to it. Those rights, if litigated, remain open for investigation in the ordinary course of justice. The admeasurers are not to do execution as the sheriff does, on a writ of *habere facias possessionem.* If the right to dower be denied, the party may protect his possession notwithstanding the admeasurement, and drive her to her action at law,

ALBANY,
Oct. 1825.

Until the admeasurement is reversed on appeal, it is conclusive in an action of ejectment, *as to the part belonging to the widow,* if she is entitled to dower at all. But it was admitted by the plaintiff's counsel in *Jackson* v. *Hixon,* (17 John. 125,) that the proceedings before the surrogate were no evidence of title. The seisin of the husband was proved in that case ; and the proof was admitted to be necessary. This is like any other ejectment suit. The plaintiff must make out his title ; and the defendant is at liberty to impeach it. (10 John. 368.). A new trial must be granted, with costs to abide the event of the suit.

New trial granted.