Mr. Justice Clayton
delivered the opinion of the court.
This was a bill of review filed in the probate court of Yala-bnsha county, to review and set aside an order which had been made at a previous term, allotting dower to the wife of *128 Tappan. Various errors are pointed out in the proceedings, but it is not necessary to consider any of them, because the case will be decided upon a different principle.
It has already been determined by this court, that a bill of review cannot be filed ih the probate court; that proceeding is admissible in courts of chancery only. Harris el al. v. Brown's Adm’rs. The decree of the probate court, dismissing the bill of review, must therefore be affirmed.
But the rights of the appellant, whatever they may be, are in no manner affected by the allotment of dower. That order ope-' rates only on the parties to the proceeding, and does not reach a paramount title. Randolph v. Doss & Wife, 3 How. 215. The principle is very plainly stated in New York, in the case of Martha Wilkins, 9 Johns. 246. It is there said, “the proceedings are founded on the assumption, that the widow is entitled to her dower out of the estate in question, and that it is only to be designated and set off. There is no provision for trying the title to dower before the surrogate; and the admeasurement made in pursuance of his order cannot affect or prejudice the right to dower, or the legal or equitable bar to it. These rights, if litigated, remain open for investigation in the ordinary course of justice. If the right to dower be denied, the party may protect his possession, notwithstanding the admeasurement, and drive her to her action at law.” Jackson v. Randall, 5 Cow. 168. Without adopting all that is here said, it results that if the plaintiffs in error claim a title to the land, paramount to that of Mrs. Tappan, they may contest it in any court having jurisdiction.
Apart from the general doctrine above laid down, it does not appear from the record that auy notice of the proceedings was given by Tappan and wife, or that there were any parties to it. As the proceedings upon the original petition, prior to the order of the court, were not necessarily set out in the transcript relative to the bill of review, this may have been done, and may have been omitted in this record. But if it were not done, the order allotting dower would be of ho validity, and no bar to the *129 assertion of right on the part of any one. It -would he like all other judgments without notice, void.
The order of the probate court, dismissing the bill of review, will be affirmed, without prejudice to any rights, legal or equitable, of the banks.