## MUTUAL BENEFIT LIFE INSURANCE COMPANY *v.* TISDALE.

In a suit brought by the plaintiff in his individual character, and not as administrator, to recover a debt upon a contract between him and the defendant, where the right of action depends upon the death of a third person, letters of administration upon the estate of such person granted by the proper Probate Court, in a proceeding to which the defendant was a stranger, afford no legal evidence of such death.

ERROR to the Circuit Court of the United States for the District of Iowa.

This action was brought, in December, 1867, by Mrs. Tisdale, upon a policy of insurance, bearing date March 1, 1866, issued to her upon the life of Edgar Tisdale, her husband. Evidence was given tending to show his death on the 24th of September, 1866. This evidence consisted chiefly in his sudden and mysterious disappearance under circumstances making probable his death by violence. It seems from the charge of the court that evidence was given by the defendant tending to show that he had been seen alive some months after the date of his supposed death. To sustain her case, the plaintiff offered in evidence letters of administration upon his estate, issued to her by the County Court of Dubuque County, Iowa. The

defendant objected to the admission of this evidence. The objection was overruled, and the letters were read in evidence; to which the defendant excepted.

The court charged the jury that "the real question is, whether Edgar Tisdale was dead at the time of issuing the letters of administration. It is incumbent on the plaintiff to prove that fact. She has shown, as evidence of that fact, letters of administration issued to her as administratrix by the probate judge. It is the duty of the court to instruct you that this makes a *prima facie* case for the plaintiff, and changes the burden of proof from the plaintiff to the defendant. . . . Without contradictory evidence, these (the letters of administration) give the plaintiff the right to recover." To the charge in this respect the defendant excepted.

The defendant prayed the court to instruct the jury, that "in an action brought by the plaintiff in her own right on a contract between herself and the defendant below, and not in a representative capacity, she must establish by competent testimony the death of the insured, independently of the letters of administration;" and that, "when the issue in a suit brought upon a policy of life insurance is the death of the insured, letters of administration granted upon his estate are not *prima facie* evidence of his death, where the suit is not brought by his administrator." But the court refused to give such instructions; to which the defendant excepted. Judgment was rendered against the defendant, who sued out this writ of error.

*Mr. Frederick T. Frelinghuysen* and *Mr. Edwin L. Stanton* for the plaintiff in error.

The real question in this case is, whether, in an action brought by a plaintiff in his own right upon a contract between himself and the defendant, in which the issue is, whether a person who has not been absent seven years is dead, — the legal presumption being that he is alive, — letters of administration issued upon his estate by a probate court in an *ex parte* proceeding are sufficient evidence to countervail that presumption, shift the burden of proof, and, in the absence of contradictory evidence, establish the death. In such an action, it matters not, as respects their admissibility and effect, whether they were granted to the plaintiff or to some third person.

It is believed, that, upon a review of adjudicated cases and of the opinions of text-writers, the rulings of the court below will be found to be opposed to the weight of authority on this question. *French* v. *French*, 1 Dick. 268; *Lloyd, Executrix*, v. *Finlayson*, 2 Esp. 564; *Thompson* v. *Donaldson*, 3 id. 64; *Moons* v. *De Bernales*, 1 Russ. 307; *Clayton* v. *Gresham*, 10 Ves. 288; *Leach* v. *Leach*, 8 Jur. 211; 2 Stark. on Ev. 365; 1 Phil. on Ev. 343; Taml. on Ev. (41 Law Lib.) 154; Hubback on Ev. of Succession to Real and Pers. Prop. (37 Law Lib.) 162.

Upon principle and analogy, as well as authority, it is submitted that letters of administration are not, in the case at bar, admissible as proof of death. The only ground for their admission is, that granting them is a judicial act in the nature of a judgment *in rem*. But a judgment is not evidence of any matter to be inferred by argument therefrom, or which comes collaterally in question, or is incidentally cognizable. *The Duchess of Kingston's Case*, 11 St. Tr. 261; 1 Stark. on Ev. 257. The grant of letters to the plaintiff on the personal estate of Edgar Tisdale was the *res* in the Probate Court. Unless impeached for fraud, the grant is conclusive as to her title in her representative capacity to that estate, and as to her right to execute the trust of administratrix. This was directly and conclusively adjudicated; but the death of Edgar Tisdale is only matter of inference from such grant.

*Mr. George Crane* for the defendant in error.

Letters of administration are admissible as *prima facie* evidence of the death of the person upon whose estate they are issued. *Tisdale* v. *Conn. Life Insurance Co.*, 26 Iowa, 170; *Jeffers* v. *Radcliff*, 10 N. H. 242; *Newman, Adm.* v. *Jenkins*, 10 Pick. 516; *Ketland* v. *Administrator of Lebering*, 2 Wash. U. S. Ct. Ct. 201; *Cunningham* v. *Smith, Adm.*, 70 Penn. St. 450; *Munro* v. *Merchant*, 26 Barb. 383, 397; *Belden* v. *Administrator, &c.*, 47 N. Y. 308; *French* v. *Frazer, Adm.*, 7 J. J. Marsh. 431; 1 Greenl. on Ev. (8th ed.) sect. 550 and cases there cited; 2 id. (8th ed.) sects. 278 *a*, 278 *b*, 278 *c*, 278 *d*, and 355; *Tisdale* v. *Conn. Life Insurance Co.*, 28 Iowa, 12.

As the whole "scope and bearing" of the charge on this subject must be taken together (*Hollingsworth* v. *Thompson*,

7 Pet. 348), it will be observed that the court below permitted the jury to attach less weight to the letters than is ascribed to them by some of the authorities.

MR. JUSTICE HUNT delivered the opinion of the court.

In an action brought, not as administrator, but in an individual character, to recover an individual debt, where the right of action depends upon the death of a third party, — to wit, an insurance upon his life, — do letters of administration upon the estate of such party, issued by the proper Probate Court, afford legal evidence of his death? This is the question we are called upon to decide. It is presented sharply, and is the only question in the case.

The authority in favor of the admission of the letters as evidence of the death of the party, in a suit between strangers, is a general statement to that effect in 1 Greenl. Ev. sect. 550. The cases cited by the writer in support of the proposition are *Thompson* v. *Donaldson*, 3 Esp. 64; *French* v. *French*, Dick. 268; *Hamblin's Case*, 3 Rob. (La.) 130; *Jeffers* v. *Radcliff*, 10 N. H. 245. In the case first cited, the authority does not support Mr. Greenleaf's statement. It was held that the letters did not afford sufficient proof of death; and, no further evidence being given, the verdict was against the claimant. In *French* v. *French*, the court held in terms against the theory that the letters were evidence of death, "but, under all the circumstances, admitted the probate as evidence of death." This case was that of a bill filed by an heir against one in possession of the estate; and in that case Mr. Greenleaf hardly contends that the letters are evidence of death. In *Tisdale* v. *Conn. Life Ins. Co.*, 26 Iowa, 177, and in the same case in 28 Iowa, 12, cited by the defendant in error, the law was held as claimed by her. The other cases cited by the defendant in error are those where the administrator or executor was a party to the suit in his representative capacity, in relation to which a different rule prevails.

In the New Hampshire case above cited, there was evidence to sustain the ruling, independently of the letters; and the case concedes that the law is otherwise in England, and bases itself upon the peculiar organization of the courts of that State.

On the other hand, the text-writers — Phil. on Ev. (2d vol., 93 *m*, ed. 1868); Tamlyn (48 Law Lib.), 154, referring to *Moons* v. *De Bernales*; Hubback on Succession, 162 (51 Law Lib.) — concur against the rule laid down by Mr. Greenleaf.

In *Moons* v. *De Bernales*, 1 Russ. 307, it was held that letters of administration were not *prima facie* evidence of death, and the defect was supplied by other evidence. Lord Eldon says, in *Clayton* v. *Graham*, 10 Ves. 288, that it is the constant practice to require proof of death, and that probate is not sufficient. In *Leach* v. *Leach*, 8 Jur. 211, Sir Knight Bruce refused to order the payment of money upon letters alone, but required other evidence. In *Blackham's Case*, 1 Salk. 290, it was held that the sentence of the Spiritual Court in granting letters is not evidence upon any collateral matter which would have prevented the issuing of the letters.

In speaking of judgments *in rem*, and where the judgment may be evidence against one not a party or privy to it, Mr. Starkie says, " This class comprehends cases relating to marriage and bastardy where the ordinary has certified; sentences relating to marriage and testamentary matters in the Spiritual Court." 1 Stark. on Ev. 372 *m*. What is meant by this is explained at a subsequent place, where he says, " The grant of a probate in the Spiritual Court is conclusive evidence against all as to the title to personalty, and to all rights incident to the character of an executor or administrator." P. 374 *m*. He cites, in support of this statement, the case of *Allen* v. *Dundas*, 3 T. R. 125, that payment of money to an executor who has obtained probate of a forged will is a discharge to the debtor. The grant is conclusive in all business transacted as executor, and concerning the duties of the executor, that it was properly made.

This accords with the principle hereafter laid down.

The chief ground of argument to admit letters testamentary as evidence of the death of the party is, that the order of the Probate Court issuing them is an order or judgment *in rem*. But a judgment *in rem* is not *prima facie* evidence: it is conclusive of the point adjudicated, unless impeached for fraud. 1 Stark. on Ev. 372 *m*; Freeman, *infra*. If admissible on this principle, the letters were conclusive evidence of the death of Tisdale. But this is not claimed by any argument.

Again: the Probate Court has never adjudicated that Tisdale was dead. Death was not the *res* presented to it. Shall Mrs. Tisdale receive letters of administration, was the *res;* and upon that only has there been an adjudication. Hubback, *supra*, 162 *m*.

The letters issued to an executor or an administrator by a probate court are, as a general rule, evidence only of their own existence. They prove, that is to say, that the authority incident to that office or duty has been devolved upon the person therein named, that he has been appointed, and that he is executor or administrator of the party therein assumed to have departed this life. Different States have different provisions as to who may be executor or administrator, excluding some persons and preferring others, in the order and manner in their statutes specified. Thus persons convicted of infamous crime are excluded from this office, and persons of notoriously evil lives may be passed by in the discretion of the Probate Court. Sons or daughters or widows are entitled to take in preference to others: unmarried women are entitled in preference to married women. Certain notices may be, and usually are, required to be given of the proceedings to obtain letters; and the letters are the evidence that the proceedings have been regularly taken, and that the person or persons therein named are those by law entitled to the office. Upon these points the court has adjudicated. No proof to the contrary can be admitted in an action brought by the executor as such. Parties wishing to contest that point must do it before the Probate Court at the time application is made for the letters, or upon subsequent application, as the case may require.

In an action brought by such executor or administrator touching the collection and settlement of the estate of the deceased, they are conclusive evidence of his right to sue for and receive whatever was due to the deceased. The letters are conclusive evidence of the probate of the will. It cannot be avoided collaterally by showing that it is a forgery, or that there is a subsequent will. The determination of the Probate Court is upon these precise points, and is conclusive. 2 Smith's Lead. Cas. (6th Am. ed.) 669; *Vanderpool* v. *Van Valkenberg*,

6 N. Y. 190; *Collins* v. *Ross*, 2 Paige, 396; Freeman on Judgments, 507, citing numerous cases.

If the present suit were brought by the plaintiff as executor or administrator to collect a debt due to her deceased husband, or to establish a claim arising under a will, of which probate had been made by her, she would have been within these rules. The letters testamentary would not only have been competent evidence, but they would have been conclusive of her right to bring the suit, and unimpeachable except for fraud.

Such, however, is not the case before us. The suit is by the plaintiff as an individual, to recover a debt alleged to be due to her as an individual. It is a distinct and separate proceeding, in which the question of the death of the husband has never been passed upon. That fact must be established by proof competent upon common-law principles.

The books abound in cases which show that a judgment upon the precise point in controversy cannot be given in evidence in another suit against one not a party or privy to the record. This rule is applied not only to civil cases, but to criminal cases and to public judicial proceedings, which are of the nature of judgments *in rem.*

If an indictment for an assault and battery by A. upon B. is prosecuted to a trial and conviction, the record is conclusive evidence in favor of A. upon a subsequent indictment for the same offence; but, if B. sues A. for the same assault and battery, it cannot be doubted that it would be incompetent to introduce that record as evidence of the offence. For this purpose, it is *inter alios acta.* B. was no party to that proceeding. In theory of law he was not responsible for it, nor capable of being benefited by it. 1 Stark. Ev. 317 *m.*

So, if B. should afterwards be indicted for an assault upon A., arising out of the same transaction, the record would not be competent evidence to show that A., and not B., was in fact the offending party.

In some States, provision is made for the admeasurement and setting apart of dower to the widow of a deceased person. Officers are appointed for this purpose, who make their certificate awarding particular property to her use, and file their report in the proper office. Although this certificate is judicial

in its character, and assumes that the deceased had title to the property described, and the certificate is valueless except upon that supposition, it has still been held that it is no evidence of title, and that the title must be proved as in other cases.   *Jackson* v. *Randall*, 5 Cow. 168; *Same* v. *Ely*, 6 id. 316.

It has been held that a comptroller's deed for the non-payment of a tax due the State is not even *prima facie* evidence of the facts giving him the right to sell, such as the assessment and non-payment of the tax, although they are recited in the deed, and this deed is in compliance with the statute.   These facts must have existed to give a right to sell; but they are not established by the deed.   They must be made out by independent proof.   *Tallman* v. *White*, 2 N. Y. 66; *Williams* v. *Peyton*, 4 Wheat. 77; *Beekman* v. *Bigham*, 5 N. Y. 366.

A certificate of naturalization issues from a court of record when there has been the proper proof made of a residence of five years, and that the applicant is of the age of twenty-one years, and is of good moral character.   This certificate is, against all the world, a judgment of citizenship, from which may follow the right to vote and hold property.   It is conclusive as such; but it cannot, in a distinct proceeding, be introduced as evidence of the residence or age at any particular time or place, or of the good character of the applicant.   *Campbell* v. *Gordon*, 6 Cr. 176; *Stark* v. *Chesapeake Ins. Co.*, 7 Cr. 420.

The certificate of steamboat inspectors, under the act of Congress of 1852, is evidence that the vessel was inspected by the proper officer; but it is held that it is not evidence of the facts therein recited, when drawn in question by a stranger, although the officer was required by law to make a return of such facts. *Erickson* v. *Smith*, 2 Abb. Ct. of App., N. Y. 64; 38 How. Pr. 454.

So it has been held, that where a sheriff sells real estate, giving to the purchaser a certificate thereof, although there can lawfully be no sale unless there be a previous judgment, and although the sale is based upon and assumes such judgment, and although the law requires the sheriff to give such certificate, the recital by the sheriff of such judgment furnishes no evidence thereof.   It must be proved independently of the certificate. *Anderson* v. *James*, 4 Rob. Sup. Ct. 35.

So on an application by a wife for alimony, pending a divorced suit prosecuted against her; the fact that her husband has recovered a verdict against a third person for criminal connection with her has been held not to be even presumptive evidence of her guilt. *Williams* v. *Williams*, 3 Barb. Ch. 628.

Authorities of this nature might be greatly extended. Enough has been said to demonstrate that neither upon principle nor authority was it proper, in the individual suit of Mrs. Tisdale against a stranger, to admit letters of administration upon the estate of her husband as evidence of his death.

*The judgment must be reversed, and a new trial had.*