# Moore v. McLure, Admr.

## Bill in Equity to Declare a Trust.

1. *Property mentioned in § 2545, Code 1886, assets of estate; duty of administrator.*—A policy of insurance on his dwelling held by a person at his death, which afterwards becomes payable by the destruction by fire of the property insured, and which is set aside to the widow and minor child of the decedent by the probate court as exempt to them in lieu of the specific property mentioned in section 2545 of the Code of 1886, is an asset of the estate until segregated by the action of the court, and it is the duty of the administrator, having received possession of the policy, to deliver it to the widow as he is required to do by section 2747 of the Code of 1886 and if he fails to do so he is responsible to her in his representative capacity for the failure.

2. *Property exempt to widow under section 2072 of the Code; not assets of estate.*—But where the administrator of an estate took possession of a policy of insurance on household and kitchen furniture, held by his intestate at the time of his decease, and which policy was set apart to the widow at the time of the grant of letters of administration in lieu of the property covered by it, which had been destroyed by fire after the death of the intestate, he took it in his individual and not in his representative capacity, since the policy was exempt to the widow under section 2072 of the Code of 1896 and was not an asset of the estate, and he was without authority as administrator to assume charge of, collect and appropriate the money. Code, § 115.

[Moore v. McLure, Admr.]

3. *Administrator; to what extent a trustee of property into which he has put assets of estate.*—Where an administrator takes possession of policies of insurance left by his intestate at his death and collects the money thereon and applies the same to the improvement of real property in which he and heirs of the decedent are interested as tenants in common, and the said policies had been set apart as exempt to the widow and minor child by the probate court, he will be held accountable to the widow and minor child to the extent of his interest in the property so improved, as trustee to the value of the policies so converted by him; but the interests of the heirs cannot be condemned to the satisfaction of the claim of the widow and minor child in the absence of proof going to show that they participated in or otherwise abetted the administrator in the tortious use of their money in improving the joint property.

4. *Averments of bill as to knowledge complainants; what sufficient.*—While it may be conceded that the averments of a bill to fix a lien on a certain building, alleged to have been erected by an administrator by the unauthorized use of the proceeds of policies of insurance, which had been set apart by the probate court as exempt to the widow and minor child, must negative the authorized use of such funds, it is sufficient on demurrer that the bill avers that "said widow and minor child did not know, at the time said building was being built and erected that said insurance policies had been set apart to them as exempt from administration and the payment of debts of the estate" of the decedent, since it being the duty of the appraisers to set the exempt property aside without the assistance or knowledge of the widow, it cannot be presumed, in the absence of an averment of knowledge on the part of the widow, that she participated in the selection of the policies as exempt property; and actual knowledge of the facts must exist in order to infer consent or acquiescence of the wrong done.

APPEAL from Pike Chancery Court.

Heard before Hon. W. L. PARK.

John A. McLure, as the administrator of Margaret Moore, and Flora McLure, brought this suit against the heirs at law of James C. Moore. Margaret Moore was, in her life time, the widow of said James Moore, and Flora McLure was his minor child at his death in 1892. Before his death the decedent had taken policies of insurance on his property, as follows: A policy of $1000.00 payable to himself, on his dwelling, and a policy

for like sum on his household and kitchen furniture. One half of the latter policy was payable to Margaret Moore and the other half to himself. John E. Moore became the administrator of James C. Moore. After the death of the intestate, but before administration on his estate, the property covered by the policies mentioned, was destroyed by fire. At the time John E. Moore was appointed administrator, appraisers were also appointed to appraise the property of the estate, and to set apart to the widow and minor child the exemptions secured to them by law. In due time the appraisers made their report, setting apart to said widow and minor child as exempt to them from administration, the one half of the policy for $1000.00 on the household and kitchen furniture which was payable to the intestate, in lieu of the specific property described and exempt under section 2545 of the Code of 1886, and also setting apart as exempt, under section 2546 of said Code, the policy of $1000.00 on the dwelling. The lot on which the burned dwelling stood was also declared exempt. The two policies went into the hands of John E. Moore, who collected the same and expended the money in erecting a building on the said lot. The estate was solvent. The administrator made final settlement. Flora McLure having become of full age and married, and the widow having died, the heirs of James C. Moore, except Flora, instituted proceedings in the probate court to have the said house and lot sold for division. Pending these proceedings this bill was filed, the purpose of which is to have a lien declared in favor of the complainants on said house and lot to the extent of the money derived from said policies and which the said John E. Moore had used in erecting the said house. There were demurrers filed to the bill, and from the decree thereon this appeal was brought.

FOSTER, SAMFORD & CARROLL, for appellants.—(1). Fiduciary trust can only be declared when fiduciary relation exists.—58 Ala. 54; 115 Ala. 408; *Allen v. Caylor*, 24 So. Rep. 512; *Mitcham v. Moore*, 73 Ala. 544. (2). Complainants cannot say they did not know the policies were set apart to them as they are presumed to know

what transpired in the court.—Bennet on Lis Pendens,
p. 80; *Center v. Bank*, 22 Ala. 757; 1 Freeman on Judg-
ments, § 198.   (3). Complainants must show want of
knowledge or consent to the use of their money.—*Long
v. King*, 117 Ala. 423.

E. R. BRANNEN, *contra*, cited *Smith v. Lehman, Durr
& Co.*, 85 Ala. 394; 10 Am. & Eng. Ency. of Law, pp. 1 to
84; 3 Brickell's Digest, p. 785.

TYSON, J.—There are two contentions insisted upon
by the appellants in argument as to error committed by
the chancellor in overruling their numerous grounds of
demurrer assigned to the bill. The first is, that no fiduci-
ary relation is shown by the bill to have existed between
the complainants and the administrator at the time of
the conversion of money belonging to them by him. The
theory upon which this contention is based seems to be
that when the probate court set apart one of the policies
of insurance as exempt to the complainants, in lieu of
the specific property exempt under section 2545 of the
Code of 1886, and the one thousand dollar policy upon
the destroyed dwelling in lieu of the additional personal
property exempt under section 2546 of the Code of 1886,
which were afterwards collected by him in his represen-
tative capacity, that in collecting the money from the in-
surance company upon these policies he was acting as an
individual and not as administrator.

It appears that these policies were set apart to the
complainants after grant of letters of administration
upon the estate.   Of necessity the $1,000 policy was in
the hands of the administrator as an asset of the estate,
and continued as such, until segregated by the action of
the court in setting them apart as exempt.—§ 115 of
Code of 1896 (§ 2068 Code of 1886).   Under the pro-
vision of section 2547 of the Code of 1886, it was *the
duty* of the administrator to deliver to the widow of his
intestate this policy.   For his failure to perform his duty
in this respect, James E. Moore was liable in his repre-
sentative capacity.

It does not follow, however, that because this is true,
that the heirs of the estate, the other respondents to this

bill, were bound by his tortious act in converting this policy into money and using it in the erection of a building upon a vacant lot belonging to him and them as joint tenants. He was without authority so far as appears from any averment in the bill to use this money of the complainants in his representative capacity to bind the heirs in erecting the building. He cannot be regarded, in the absence of an averment, that they participated in or otherwise abetted him in the tortious use of this money, as their agent or representative in improving the vacant lot, their joint property, so as to fasten a lien upon their interest in it.—*Cannon v. Copeland, Admr.,* 43 Ala. 252.

As to the policies of insurance upon the furniture and other household goods, specifically exempt to the complainants, the policy which was payable to the decedent, never became assets of the estate in the hands of John E. Moore as administrator. This specific property, exempt by section 2072, is excepted by section 115 from the personalty to be taken possession of by the administrator as property of the decedent. His assumption of the possession of this policy and of the other policy belonging to Mrs. Moore, the widow, must be regarded as his individual act and not as administrator. For he was without authority as administrator to assume charge of, collect, and appropriate the money. As to this money he is liable individually; and his duty to deliver these policies to Mrs. Moore was that of an individual as distinguished from that of administrator.

So far as his rights are involved, it is matter of no consequence, whether his duty to the complainants grew out of his relations to these complainants as administrator or as an individual. If the complainants can trace their money into the house erected by him upon the lot owned by him jointly with others, a constructive trust arises which may be enforced in their favor upon his interest in the property.—2 Pom. Eq. Jur., § 1047, *et seq;* 1 Beach on Trusts and Trustees, § § 229 *et seq.* And this is true as to the money arising from the policy converted by him as administrator. But as we have said above, to fasten a trust upon the interest of the other respondents in the property it must be shown that they

participated with him in the use of the money belonging to complainants or that he was acting as their agent.

This brings us to a consideration of the second contention of appellants as insisted upon in argument. It is, that the bill does not show complainants' want of knowledge or want of consent to the use of the money. The bill does aver that "said widow and minor child did not know, at the time said building was being built and erected, that said insurance policies had been set apart to them as exempt from administration and the payment of debts of the estate of James C. Moore deceased." It may be conceded that the averments of the bill must negative the authorized use. The argument is made that the complainants were bound to know that the policies of insurance were set apart by the appraisers as exempt, and therefore it must be conclusively presumed that they knew that the money arising therefrom was theirs. Perhaps, all this would be true, if the widow was shown to have participated with the appraisers who were appointed by the probate court to select and set apart, and who it is averred did select and set apart these policies as exempt. But in the absence of such an averment we will not and cannot indulge the presumption that she or the other complainant participated in making the selection of the policies as exempt property. The record discloses that the appraisers were appointed on the same day the administrator was appointed. It may be and doubtless was true that the names of the widow and the other complainant, as well as their respective interest in the estate, were shown by the petition filed for letters. By section 118 (2071) of the Code it is made the duty of the probate court, at the time of grant of letters to appoint three appraisers to make an appraisement of the estate of the decedent, etc. Under section 2078 (2548) when a decedent, who was at the time of his death a resident of this State, leaves surviving him a widow and minor child or children or either, who are *bona fide* residents of this State, the probate court, at the time of appointing appraisers of the estate, shall issue a commission to them, stating the names of the widow and minor child or children or either, as the case may be, and the nature and extent of the personal prop-

erty exempt in their favor, and directing the appraisers to set apart the same. No provision is made for any personal notice to the widow or minor children of this proceeding and none is required. It is one of those steps which the law requires to be taken by the court in the process of administering estates, without personal notice to any one, and without reference to whether the widow or minor child has any personal knowledge of the step being taken. It is only where the widow or minor child or children or other person in interest feeling aggrieved files written exceptions to the report of the appraisers within thirty days after its filing that personal notice to the adverse parties is required to be given.—Code, § 2084.

It is inconceivable to our mind how the complainants can be said to have known of or consented to the use of their money, if they did not know that the policies out of which the money arose, had been set apart to them as exempt. Actual knowledge of the facts must exist in order to infer consent or acquiescence in the wrong done. And it will not be presumed in the absence of some peculiar relations shown to exist between the parties which would justify such inference. We are of the opinion that the averment is sufficient.

It appears that the demurrer interposed by all the respondents except John E. Moore should have been sustained; and that the demurrer interposed by him was properly overruled.

A decree will be here entered affirming the decree as against appellant John E. Moore, taxing him with the cost of the appeal, and reversing the decree overruling the demurrer of the other appellant and sustaining it. Leave, however, will be granted complainants to amend their bill within thirty days if they are so advised.

Affirmed in part and in part reversed, rendered and remanded.