# Singo *v.* Fritz.

## *Petition to Set Aside Decree.*

(Decided Jan. 20, 1910. Rehearing denied Feb. 26, 1910. 51 South. 867.)

1. *Judgment; Vacation; Jurisdiction.*—A court is without power to vacate a decree rendered at a previous term unless the decree is void.

2. *Same.*—Where a widow petitions to have the deceased husband's property set aside to her and the probate court found that she was the widow of the deceased and entered an order setting apart the property to her, such court was without jurisdiction, at a subsequent term to vacate the order on the petition of a minor heir who had no notice of the former proceedings, as want of such notice did not render the decree void, and if void as to the third person the remedy was otherwise than on motion to set aside the decree.

3. *Same.*—Where the probate court granted the decree it was without jurisdiction at a subsequent term to vacate the decree, although procured by the fraud of the attorney who represented the heirs and devisee of the decedent, and such fraud was of such nature as to justify the annulling of the decree.

APPEAL from Montgomery Probate Court.

Heard before Hon. J. B. GASTON.

Dorcas Singo filed a petition as the widow of decedent George Singo requesting that certain property be set aside to her as such widow which was accordingly done by proper decree. Later, Jury Fritz, a minor by

next friend, filed a petition seeking to have the said decree vacated, assigning various grounds therefor. The probate court entered a decree granting relief and annulling its former decree, and the respondent Singo appeals. Reversed and rendered.

J. WINTER THORINGTON, and GOODWYN & MCINTYRE, for appellant. The court has held that the former decree was valid and binding.—*Singo v. McGehee*, 49 South. 290. The 14th amendment of the Constitution of the United States does not restrict the state's power to legislate regarding the descent of estates. Section 4224, Code 1907, is essentially a rule relating to the descent and distribution of estates of deceased residents of this state. In this sort of matter the legislative power is plenary.—*Randall v. Creager*, 23 Wall. 127; 14 Cyc. 25; *Hoffman v. Hoffman*, 26 Ala. 535. The proceedings were in rem and all parties interested were bound by it without personal notice.—*Moore v. McClure*, 124 Ala. 126; *Hanley v. Hanley*, 46 Pac. 736; *Harrison v. Lamar*, 33 Ark. 824. Section 4224 is not unconstitutional.—154 U. S. 34; 198 U. S. 458.

GUNTER & GUNTER, for appellee. It is an axiom of law that no one can be deprived of liberty or property without some notice.—93 U. S. 289; 176 U. S. 409; 211 U. S. 262. This is even true in matter of taxation.—210 U. S. 285. The rule is that there must be a widow before the probate court can exercise the jurisdiction given by section 4224 of the Code. Without a widow the proceedings is quoram non judice.—18 Wall. 457; 34 N. J. L. 286; 154 U. S. 47; 91 U. S. 238; 8 How. 540. As conclusive of the matter under discussion see *Wilborn v. McAuley*, 63 Ala. 436; *Chandler v. Winn*, 85 Ala. 308, and *Londoner v. Denver*, 210 U. S. 386.

SIMPSON, J.—On the 22d day of January, 1906, Dorcas Singo (the appellant) filed a petition in the probate court, alleging the death of George Singo on November 20, 1905, that his real estate consisted of a small tract of land in said county and a small amount of personalty, that she was the widow of said Singo, etc., and praying that the said property be set apart to her under the exemption laws of Alabama. Commissioners were appointed, according to law, who made their report, setting it apart, making a complete inventory, showing that said property was all of the property owned by said Singo. Said report was ordered to lie over for 30 days, for exceptions, by decree of February 1, 1906.

On February 20, 1906, Judy McGehee, Ellen Shepard, and Willie Singo, claiming to be the beneficiaries under the will of said George Singo, filed exceptions to said report, alleging, among other matters, that said Dorcas Singo was not the widow of said George Singo. On March 13, 1906, an amendment to the exceptions was filed by Judy McGehee, as executor, "and all the other heirs at law of said decedent," setting forth specifically that said Dorcas was the wife of another man. After several demurrers and motions, and action thereon, on May 18, 1907, a decree was rendered by said court, reciting that it appeared to the court that said commissioners had proceeded according to law, also "that said Dorcas Singo was his wife (or widow) and a bona fide resident of said state and county," the exceptions were overruled, and the property was set apart to said Dorcas Singo, in accordance with the prayer of the petition.

On May 1, 1907, Judy McGehee, claiming to be "the only surviving child, and also the only heir at law, of the said George Singo," filed a petition, praying that the former decree be vacated and annulled, stating

that she was "one of the parties interested in and contesting the proceedings filed January 22, 1907," and on November 15, 1907, the court decreed that the former decree be "set aside, rescinded, vacated, annulled, and held for naught." An appeal was taken from said decree to this court, and this court held that the first decree was valid, and the decree appealed from was void. Accordingly the appeal was dismissed.—*Singo v. McGehee,* 160 Ala. 245, 49 South. 290, 292.

On April 8, 1909, Jury Fritz, a minor, by her next friend (being her mother), Ellen Shepard, filed a petition in said court, alleging that the will of said George Singo was probated on June 26, 1908, and that by said will all the real estate of said George Singo (40 acres) was given to petitioner; that she had no notice of the proceedings by which the property was set apart; that one Mark D. Brainard was employed to represent the heirs of George Singo in the former proceedings; and, although he knew that Dorcas Singo was not the widow of said George Singo, he "fraudulently betrayed the interest of his client, and allowed the decree to go for said Dorcas." The petition prayed that the former decree be vacated, "on the ground that the same was ill-advised and void as to petitioner," and on July 17, 1909, the said court rendered another decree, vacating and setting aside the first decree.

The former decision of this court in this case was based upon the familiar principle that a court has no power to vacate a decree rendered at a previous term, unless said decree was, not merely voidable, but absolutely void.—*Baker v. Barclift,* 76 Ala. 414. The case of *Williamson v. Berry,* 8 How. 495, 12 L. Ed. 1170, is based upon the principle that the chancellor was not authorized, under the act in question, to render the decree, and it was therefore void. The case of *Thompson v.*

*Whitman,* 18 Wall. 457, 21 L. Ed. 897, is upon the effect to be given to a foreign judgment (rendered in another state), and it was held that the jurisdiction of the court could not be inquired into. The case of *Mutual Benefit Life Ins. Co. v. Tisdale,* 91 U. S. 238, 23 L. Ed. 314, was a suit brought by a woman on a policy of insurance on the life of her husband, and the question at issue was whether or not the husband was dead, and the decision of the court was that, in this collateral proceeding, the mere fact that letters of administration had been granted on the estate of said husband did not prove the fact of his death; the court saying: "The probate court has never adjudicated that Tisdale is dead (page 243 of 91 U. S. [23 L. Ed. 314])" and the court holding that "the letters are conclusive evidence of the probate of the will. It cannot be avoided collaterally by showing that it is a forgery, or that there is a subsequent will (page 243 of 91 U. S. [23 L. Ed. 314])."

On the question of the issue of letters of administration on the estate of a living man, various courts have decided differently; but the weight of authority is that they are void, because the court had no jurisdiction to act until the man was dead. The question was considered at length by the Supreme Court of the United States in the case of *Scott v. McNeal,* 154 U. S. 34, 14 Sp. Ct. 1108, 38 L. Ed. 896; the court, quoting from the *Tisdale Case, supra,* that "the adjudication of that court is not upon the question whether he is living or dead, but only upon the question whether and to whom letters of administration shall issue (page 47 of 154 U. U., page 1113 of 14 Sp. Ct. [38 L. Ed. 896])," holding that as to him the proceeding was "res inter alios acta," and was depriving him of his property without due process of law. The court also quotes from the leading case of *Griffith v. Frazier,* 8 Cranch. 9, 23, 3 L. Ed. 471, to the

·effect that if, in a case of intestacy, letters should be
granted to one not entitled by law, "still the act is bind-
ing until annulled by the competent authority, because
he had power to grant letters of administration in the
·case," but when the man is still living the court is with-
out authority to deliberate at all.  The same court, in ·
the case of *Cunnius v. Reading School District,* 198 U.
S. 458, 25 Sp. Ct. 721, 49 L. Ed. 1125, recognizing the
principles of the former decisions, held that the state
may, by special enactments, provide for administration
on the estate of citizens who have remained absent for a
long time, with reasonable safeguards, although no ac-
tual notice could be given to the absentee.

In the case now under consideration, the facts are
not controverted that George Singo was dead, and that
a petition in accrdance with law was presented by Dor-
cas Singo, claiming to be his widow; that commissioners
were appointed according to the statute, and reported in
accordance with law; that the report was laid over for
the requisite time, and that parties, claiming to be all of
the heirs and devisees of said George, did file a contest,
raising the very issue which is sought to be raised here,
to wit, that said Dorcas was not the widow of said
George; and on that issue the court deliberated and de-
·cided that she was his widow.  The court certainly had
jurisdiction to determine that matter, and therein this
·case is widely differentiated from the case of letters of
administration granted on the estate of a living man, in
which the court never acquired jurisdiction to act at
·all.

There is nothing in the record from which this court
·can say whether or not the petitioner, Jury Fritz, is the
·devisee of George Singo.  The first exceptions, filed by
Judy McGehee and others, alleged that they were the
beneficiaries of the will, and the amendment thereto is

stated to be filed by Judy McGehee, as executor, "and all the other heirs at law of said decedent." The petition of May 18, 1907, seeking to have the former decree set aside, was filed by Judy McGehee, claiming that she was the only surviving child and only heir at law; and now the petition of Jury Fritz, by next friend, alleges that the will of George Singo was not probated until June 26, 1908, and that she is the sole devisee of the land. The will is not set out in the record, nor is there any evidence that it was introduced in the court below, or that any other testimony was introduced. On the contrary, the record shows that Dorcas Singo made a motion to quash and dismiss the petition, and the court, after argument, vacated the former decree.

But, aside from the failure of any showing of fact, we adhere to the decision, heretofore rendered, that the first decree was not void, and therefore the probate court was without authority to annul it at a subsequent term. If, as alleged in the petition, the former decree was obtained by the fraud of the attorney who represented the heirs and devisees of George Singo, and if fraud was of such a nature as to justify the annulling of the decree, that is not a matter which comes within the jurisdiction of the probate court. The fact that no notice of the proceedings to set apart the homestead was given to the petitioner does not render the decree void as to the petitioner, so as to authorize the probate court to declare it a nullity. It is a valid decree as to the parties to the decree and, if it is not valid as to a third party, his remedy is not to have the decree set aside.

The Supreme Court of California, in an equitable proceeding wherein it was sought to set aside a former decree allotting a homestead, on account of false representations made by the widow, refused to grant the relief, holding, first, that the fraud was not such as to authorize the equitable relief; and, second, that the proceeding

to set aside the homestead is in rem, and binds all parties in interest, without personal notice.—*Hanley v. Hanley,* 114 Cal. 690, 46 Pac. 736. The Supreme Court of Arkansas held that a proceeding to have a homestead set apart is a proceeding in rem, and is valid, without any personal notice to the heirs. It simply fixed the status of the property as to ownership. "It did not vest the right, so much as to declare it." "As to these small estates, the heirs have no prima facie rights."— *Harrison v. Lamar,* 33 Ark. 824.

Our own court, in a case in which an insurance policy had been set apart by the appraisers as exempt to the widow, said: "No provision is made for any personal notice to the widow, or minor children, of this proceeding, and none is required. It is one of those steps which the law requires to be taken by the court in the cases of administering estates, without reference to whether the widow or minor child has any personal knowledge of the step to be taken. It is only where the widow or minor child, or children, or other person in interest, feeling aggrieved, files written exceptions to the report of the appraisers, within 30 days after its filing, that personal notice to the adverse parties is required to be given."—*Moore v. McClue,* 124 Ala. 120, 126, 27 South. 499, 501. This court also held that, even where a homestead was improperly set apart, the creditor could not afterwards subject the homestead, as he was represented by the administrator in the proceedings for allotment. *McDonald v. Berry,* 90 Ala. 464, 467, 468, 7 South. 838. This court has also held that, even in an application to sell lands, as to which there are statutory requirements with regard to notice, it is a proceeding in rem, and, if one of the heirs is omitted, his only remedy is to apply to be made a party and appeal, or to take some action during the term of the court. "And, with this ready mode of redress open to all whose rights may be preju-

diced, it cannot be said that any person has been deprived of his property, in cases of this particular kind, without due process of law, or that he has been deprived of his day in court."—*Lyons v. Hammer*, 84 Ala. 197, 202, 4 South. 26, 5 Am. St. Rep. 363; *Friedman & Loveman v. Shamblin et al.,* 117 Ala. 456, 466, 23 South. 821.

The decree of the court is reversed, and a decree will be here rendered, dismissing the petition of Jury Fritz, pro ami.

Reversed and rendered.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.