## In re URDANG.

### (District Court, E. D. Kentucky. March 10, 1913.)

1. ALIENS (§ 68*)—NATURALIZATION—DECLARATION OF INTENTION.

Act June 25, 1910, c. 401, § 3, 36 Stat. 830 (U. S. Comp. St. Supp. 1911, p. 530), providing that any person qualified to become a citizen, who has resided in the United States for five years next preceding May 1, 1910, and who because of misinformation has acted under the impression that he was or could become a citizen, and has exercised the rights of a citizen or intended citizen, may show such facts to a court having jurisdiction, and, if the court believes that he has been for five years entitled to be naturalized, may receive a certificate of naturalization without proof of any former declaration of intention to become a citizen, is designed to

For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

aid those who, on May 1, 1910, were in a position to invoke its provisions, and who for five years prior to that date were entitled to naturalization.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. § 68.*]

2. ALIENS (§ 68*)—NATURALIZATION—DECLARATION OF INTENTION.

Act June 25, 1910, c. 401, § 3, 36 Stat. 830 (U. S. Comp. St. Supp. 1911, p. 530), does not authorize the naturalization without previous declaration of intention of one who attained his majority on January 22, 1909, as he was not entitled to naturalization for five years prior to May 1, 1910, various statutes showing that Congress recognized the common-law principle that a minor's acts are not conclusive, though there is no direct provision that a minor cannot petition for naturalization.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. § 68.*]

Petition for naturalization by Moses Leo Urdang. Denied.

F. M. Dailey, of Frankfort, Ky., for petitioner.

Edwin P. Morrow, U. S. Atty., of Somerset, Ky. and Paul Armstrong, of Washington, D. C., for the United States.

COCHRAN, District Judge. Moses Leo Urdang, a subject of Russia, filed a petition for naturalization in the United States District Court at Frankfort on December 5, 1912. The fifth assertion of the petition and the certificate of the clerk following the petitioner's signature show "declaration of intention omitted under terms of the act of June 25, 1910." It appears that no declaration of intention had ever been made by this alien.

[1, 2] Act Cong. June 25, 1910, c. 401, § 3, 36 Stat. 831, reads as follows:

"That any person belonging to the class of persons authorized and qualified under existing law to become a citizen of the United States who has resided constantly in the United States during a period of five years next preceding May 1, 1910, who, because of misinformation in regard to his citizenship or the requirements of the law governing the naturalization of citizens has labored and acted under the impression that he was or could become a citizen of the United States and has in good faith exercised the rights or duties of a citizen or intended citizen of the United States because of such wrongful information and belief may, upon making a showing of such facts satisfactory to a court having jurisdiction to issue papers of naturalization to an alien, and the court in its judgment believes that such person has been for a period of more than five years entitled upon proper proceedings to be naturalized as a citizen of the United States, receive from the said court a final certificate of naturalization, and said court may issue such certificate without requiring proof of former declaration by or on the part of such person of their intention to become a citizen of the United States, but such applicant for naturalization shall comply in all other respects with the law relative to the issuance of final papers of naturalization to aliens."

The record shows that this alien was born on the 22d day of January, 1888, and it appears from the testimony given in open court by him that he claimed to be of that class of persons "who because of misinformation in regard to his citizenship or the requirements of the law governing the naturalization of citizens" Congress intended to relieve from the necessity of filing a declaration of intention.

It is a well-established principle, based upon the common law, that

a minor's acts are not conclusive. See Van Dyne on Naturalization, p. 111; In re Merry, 14 Phila. (Pa.) 212; Mutual Benefit Life Insurance Co. v. Tisdale, 91 U. S. 238–245, 23 L. Ed. 314. In the last-mentioned decision the court said:

"A certificate of naturalization issues from a court of record when there has been the proper proof made of a residence of five years, and that the applicant is of the age of 21 years, and is of good moral character."

Act June 29, 1906, c. 3592, 34 Stat. 596 (U. S. Comp. St. Supp. 1911, p. 528) and section 2165 (U. S. Comp. St. 1901, p. 1329) before it, contain no affirmative statement to the effect that a minor alien could not petition for naturalization, but section 2167 and various acts which dispense with the necessity of filing declaration of intention (section 2166, Act July 26, 1894, c. 165, 28 Stat. 124 [U. S. Comp. St. 1901, p. 1332]) show clearly that Congress unquestionably recognized this principle. Certainly they would not have placed an onus upon those aliens to whom liberal exemptions were granted.

It is believed that it is proper to hold, in construing the words, "and the court in its judgment believes that such person has been for a period of more than five years entitled upon proper proceedings to be naturalized as a citizen of the United States * * *" that it was the intention of Congress that the above-quoted portion of the law should be considered as a second condition to the first provision of the act referred to below:

"That any person belonging to the class of persons authorized and qualified under existing law to become a citizen of the United States who has resided constantly in the United States during a period of five years next preceding May first, nineteen hundred and ten. * * *"

In other words, that an alien should be "entitled for more than five years prior to May 1, 1910," and not five years prior to filing his petition. In giving this construction to the act I am impressed with the word "and" immediately following the descriptive words in the first condition laid down in the act, and immediately preceding the second condition, beginning with the words "the court in its judgment. * * *" The amendatory act is admittedly remedial legislation, and is believed was designed to aid only those who on the specific date mentioned in the statute were in a position to invoke its provisions.

Mr. Urdang had not attained his majority until the 22d day of January, 1909, and it will be evident, under the construction indicated above, that he was not at the time he filed his petition, one of the persons entitled to proceed under the amendatory clause, and hence his petition is denied.