### In re JOSEPH.

(District Court, W. D. Texas, Austin Division. June 19, 1914.)

No. 189.

ALIENS (§ 63*)—NATURALIZATION—ALIEN MINOR.

Act June 25, 1910, c. 401, § 3, 36 Stat. p. 830 (U. S. Comp. St. Supp. 1911, p. 530), provides that any person of a class entitled to become citizens of the United States, who has resided constantly in the United States for five years next preceding May 1, 1910, and who, because of misinformation, has acted under the impression that he could become a citizen, and in good faith has exercised the rights of an intended citizen of the United States, on making a showing of such facts satisfactory to a court having naturalization jurisdiction, may be naturalized and receive a final certificate of naturalization, without proof of a former declaration of intention. Act June 29, 1906, c. 3592, § 4, 34 Stat. 596 (U. S. Comp. St. Supp. 1911, p. 529), declares that an alien may be admitted to become a citizen after having first declared on oath before the clerk of any court authorized by the act to naturalize aliens, or his authorized deputy, 2 years prior to his admission, and after he has reached the age of 18 years, his intention to become a citizen, etc. *Held* that, where an alien minor attained his majority some 7 months after the passage of the act of 1910, he, not having made any declaration of intention to become a citizen, was not entitled to be naturalized."

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 126, 127; Dec. Dig. § 63.*]

Petition by Anthony Joseph for letters of citizenship. Petition dismissed.

M. H. Anthoni, of Houston, Tex., for Bureau of Naturalization.

MAXEY, District Judge. In the present case the petitioner, an alien, attained his majority on October 25, 1910. Without making a previous declaration of intention, he filed a petition, on March 19, A. D. 1914, for letters of citizenship, based upon section 3 of the Act of June 25, 1910, 36 Stat. 830, 831. The section referred to provides as follows:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Provided further, that any person belonging to the class of persons authorized and qualified under existing law to become a citizen of the United States who has resided constantly in the United States during a period of five years next preceding May first, nineteen hundred and ten, who, because of misinformation in regard to his citizenship or the requirements of the law governing the naturalization of citizens has labored and acted under the impression that he was or could become a citizen of the United States and has in good faith exercised the rights or duties of a citizen or intended citizen of the United States because of such wrongful information and belief may, upon making a showing of such facts satisfactory to a court having jurisdiction to issue papers of naturalization to an alien, and the court in its judgment believes that such person has been for a period of more than five years entitled upon proper proceedings to be naturalized as a citizen of the United States, receive from the said court a final certificate of naturalization, and said court may issue such certificate without requiring proof of former declaration by or on the part of such person of their intention to become a citizen of the United States, but such applicant for naturalization shall comply in all other respects with the law relative to the issuance of final papers of naturalization to aliens."

By the first clause of section 4 of the act of June 29, 1906 (34 Stat. pt. 1, p. 596), it is, among other things, provided:

"That an alien may be admitted to become a citizen of the United States in the following manner and not otherwise: First. He shall declare on oath before the clerk of any court authorized by this act to naturalize aliens, or his authorized deputy, in the district in which such alien resides, two years at least prior to his admission, and after he has reached the age of eighteen years," etc.

It may be that, under the act above quoted, a minor alien, above the age of 18 years, would be entitled to letters of citizenship upon filing his declaration of intention and by otherwise complying with the requisites of the statute. But it is thought that, prior to the enactment of the statute of 1906, although children could become citizens through the naturalization of their parents, yet letters could issue to those only who had attained their majority, except under certain circumstances not relevant to the present inquiry. See Mutual Benefit Life Insurance Co. v. Tisdale, 91 U. S. 245, 23 L. Ed. 314, and Boyd v. Thayer, 143 U. S. 135, 12 Sup. Ct. 375, 36 L. Ed. 103.

In the case at bar the applicant attained his majority some 7 months after the passage of the present law, and the court is of the opinion that he was not entitled to naturalization, either 5 years prior to May 1, 1910, or 5 years prior to the date of filing his petition. His case is, therefore, not embraced within the terms of section 3. To authorize the court to grant him letters of citizenship, he should first make his declaration of intention, and thereafter proceed according to the provisions of the naturalization statutes.

It is therefore ordered that the petition be dismissed, but without prejudice to the right of the petitioner to make a declaration of intention and thereafter proceed in conformity with law. The court concurs in the conclusion announced by Judge Cochran in the case of In re Urdang (D. C.) 212 Fed. 557.

Dismissed without prejudice.