LOUIS SCHNURMAN, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Action to recover disability benefits under a policy of insurance. Order of the Appellate Term reversing judgment of the Municipal Court of the City of New York, Borough of Brooklyn, First District, in favor of the defendant, and granting a new trial, unanimously affirmed. Pursuant to defend-

ant's stipulation, judgment absolute is awarded to the plaintiff, with costs in all courts. The fact of total and permanent disability is conceded. A defense was interposed that plaintiff's true age established that he was over sixty at the time disability occurred and, therefore, was not entitled under the policy to any payments. The defendant relied upon the effect, with respect to age, of a naturalization certificate. The affidavit upon which the certificate issued gave an age that established plaintiff was not entitled to payments under the policy. The trial court excluded or struck out testimony proffered or adduced by plaintiff, explaining the age given in the naturalization proceedings and supporting plaintiff's claim that the true age was stated in the policy. These rulings were on the theory that the naturalization certificate was conclusive. They were erroneous. (*Mutual Benefit Life Ins. Co.* v. *Tisdale*, 91 U. S. 238, 245; *Campanaro* v. *Prudential Insurance Co. of America*, 235 App. Div. 702.) The naturalization certificate is only conclusive on the issue of citizenship. (*Mutual Benefit Life Ins. Co.* v. *Tisdale*, *supra*; *Johannessen* v. *United States*, 225 U. S. 227; *Johansen* v. *Staten Island Shipbuilding Co.*, 272 N. Y. 140, 143.) Since the reversal and direction for a new trial by the Appellate Term was correct, there must be a judgment for the plaintiff under the stipulation. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.