(COMMON LAW.)

## WILLIAMS *et al.* v. PEYTON's lessee.

In the case of a naked power, not coupled with an interest, the law requires that every pre-requisite to the exercise of that power should precede it.

The party who sets up a title must furnish the evidence necessary to support it. If the validity of a deed depends on an act *in pais*, the party claiming under it is as much bound to prove the performance of the act, as he would be bound to prove any matter of record on which the validity of the deed might depend.

In the case of lands sold for the non-payment of taxes, the Marshal's deed is not even *prima facie* evidence, that the pre-requisites required by law have been complied with; but the party claiming under it must show positively that they have been complied with.

THIS cause was argued by Mr. *Jones* and Mr. *Talbot*, for the plaintiffs in error, and by Mr. *Taylor*, for the defendant in error.

*Feb. 2d.*

The opinion of the Court was delivered by Mr. Chief Justice MARSHALL.

*Feb. 8th.*

This is an ejectment brought in the Circuit Court for the district of Kentucky, by the original patentee, against a purchaser at a sale made for non-payment of the direct tax, imposed by the act of Congress of

the 14th of July, 1798, c. 92. After the plaintiff in the Circuit Court had exhibited his title, the defendants gave in evidence the books of the supervisor of the district, showing, that the tax on the lands in controversy had been charged to the plaintiffs, and that they had been sold for the non-payment thereof. They also gave in evidence a deed executed by the Marshal of the district, in pursuance of the act of March 3d, 1804, and proved by Christopher Greenup, the agent of the plaintiff, that there were tenants on the land, and that he did not pay the tax, nor redeem the land.

Upon this evidence, the Court, on the motion of the plaintiff, instructed the jury, " that the purchaser under the sale of lands for the non-payment of the direct tax, to make out title, must show that the collector had advertised the land, and performed the other requisites of the law of Congress, in that case provided, otherwise he made out no title." The defendants then moved the Court to instruct the jury, " that the deed and other evidence produced by them, and herein mentioned, was *prima facie* evidence that the said land had been advertised, and the other requisites of the law of Congress, as to the duty of the collector, in that respect, had been complied with :" but the Court refused to give the instruction ; and, on the contrary, instructed the jury, " that said deed, and other evidence, was not *prima facie* evidence that the said land had been advertised according to law, nor that the requisites of the law had been complied with."

The defendants excepted to this opinion. The jury found a verdict for the plaintiff, and the judg-

ment rendered on that verdict is now before this Court on writ of error.

As the collector has no general authority to sell lands at his discretion for the non-payment of the direct tax, but a special power to sell in the particular cases described in the act, those cases must exist, or his power does not arise. It is a naked power, not coupled with an interest; and in all such cases, the law requires that every pre-requisite to the exercise of that power must precede its exercise; that the agent must pursue the power, or his act will not be sustained by it.

This general proposition has not been controverted; but the plaintiffs in error contend, that a deed executed by a public officer, is *prima facie* evidence, that every act which ought to precede that deed had preceded it. That this conveyance is good, unless the party contesting it can show that the officer failed to perform his duty.

It is a general principle, that the party who sets up a title must furnish the evidence necessary to support it. If the validity of a deed depends on an act *in pais*, the party claiming under that deed is as much bound to prove the performance of the act, as he would be bound to prove any matter of record on which its validity might depend. It forms a part of his title; it is a link in the chain which is essential to its continuity, and which it is incumbent on him to preserve. These facts should be examined by him before he becomes a purchaser, and the evidence of them should be preserved as a necessary muniment of title. If this be true in the general, is there

1819.

Williams
v.
Peyton.

any thing which will render the principle inapplica-
ble to the case of lands sold for the non-payment of
taxes? In the act of Congress, there is no declara-
tion that these conveyances shall be deemed *prima
facie* evidence of the validity of the sale. Is the na-
ture of the transaction such, that a Court ought to
presume in its favour any thing which does not ap-
pear, or ought to relieve the party claiming under it
from the burthen of proving its correctness?

The duties of the public officer are prescribed in
the 9th, 10th, and 13th sections of the act of the
14th of July, 1798, c. 92.[a] If these duties be ex-

---

a Which provides, sec. 9. " That each of the said collectors
shall, immediately after receiving his collection list, advertise,
by notifications, to be posted up in at least four public places in
each collection district, that the said tax has become due and
payable, and the times and places at which he will attend to re-
ceive the same; and, in respect to persons who shall not at-
tend according to such notifications, it shall be the duty of each
collector to apply once at their respective dwellings, within
such district, and there demand the taxes payable by such
persons : and if the taxes shall not be then paid, or within
twenty days thereafter, it shall be lawful for such collector to
proceed to collect the said taxes by distress and sale of the
goods, chattels, or effects, of the persons delinquent, as afore-
said, with a commission of eight per cent. upon the said taxes,
to and for the use of such collector : Provided, That it shall not
be lawful to make distress of the tools or implements of a
trade or profession, beasts of the plough necessary for the cul-
tivation of improved lands, arms, or the household utensils, or
apparel, necessary for a family." And, sec. 13, " That when
any tax assessed on lands or houses, shall have remained un-
paid for the term of one year, the collector of the collection
district, within which such land or houses may be situated,

amined, they will be found to be susceptible of complete proof on the part of the officer, and consequently on the part of the purchaser, who ought to preserve the evidence of them, at least, for a reasonable time. Their chief object is to give full notice to the proprietor, and furnish him with every facility for the voluntary payment of the tax, before resort should be had to coercive means. In some instances the proprietor would find it extremely difficult, if not impracticable, to prove that the officer had neglected to give him the notice required by law. It is easy, for example, to show that the col-

having first advertised the same for two months, in six diffe-rent public places within the said district, and in the two gazettes in the State, if there be so many, one of which shall be the gazette in which the laws of such State shall be published by authority, if any such there be, shall proceed to sell, at public sale, and under the direction of the inspector of the survey, either the dwelling house, or so much of the tract of land; (as the case may be,) as may be necessary to satisfy the taxes due thereon, together with costs and charges, not exceeding at the rate of one per centum, for each and every month the said tax shall have remained due and unpaid : Provided, that in all cases where any lands or tenements shall be sold, as aforesaid, the owner of the said lands or tenements, his heirs, executors, or administrators, shall have liberty to redeem the same, at any time within two years from the time of sale, upon payment, or tender of payment, to the collector for the time being, for the use of the purchaser, his heirs, or assignees, of the amount of the said taxes, costs, and charges, with interest for the same, at the rate of twelve per centum per annum ; and upon the payment, or tender of payment, as aforesaid, such sale shall be void. And no deed shall be given in pursuance of any such sale, until the time of redemption shall have expired."

lector has posted up the necessary notifications in four public places in his collection district, as is required by the 9th section, but very difficult to show that he has not. He may readily prove that he has made a personal demand on the person liable for the tax, but the negative, in many cases, would not admit of proof.

The 13th section permits the collector, when the tax shall have remained unpaid for the term of one year, having first advertised the same for two months in six different public places within the said district, and in two gazettes in the State, if there be so many, one of which shall be the gazette in which the laws of such State shall be published by authority, if any such there be, to proceed to sell, &c.

The purchaser ought to preserve these gazettes, and the proof that these publications were made. It is imposing no greater hardship on him to require it, than it is to require him to prove, that a power of attorney, in a case in which his deed has been executed by an attorney, was really given by the principal. But to require from the original proprietor proof that these acts were not performed by the collector, would be to impose on him a task always difficult, and sometimes impossible to be performed.

Although this question may not have been expressly, and in terms decided in this Court, yet decisions have been made which seem to recognize it. In the case of Stead's Executors v. Course,[a] in which was drawn into question the validity of a sale made under the tax laws of the state of Georgia, this Court said, " it is incumbent on the vendee to prove the authority

a  4 Cranch, 403.

to sell." And in Parker v. Rule's Lessee,[a] where a sale was declared to be invalid, because it did not appear in evidence, that the publications required by the 9th section of the act, had been made, the Court inferred, that they had not been made, and considered the case as if proof of the negative had been given by the plaintiff in ejectment. The question, whether the deed was *primâ facie* evidence, it is true, was not made in that case; but its existence was too obvious to have escaped either the Court or the bar. It was not made at the bar, because counsel did not rely on it, nor noticed by the judges, because it was not supposed to create any real difficulty.

It has been said in argument, that in cases of sales under the tax laws of Kentucky, a deed is considered by the Courts of that state, as *prima facie* evidence that the sale was legal. Not having seen the case or the law, the Court can form no opinion on it. In construing a statute of Kentucky, the decisions of the Courts of Kentucky would unquestionably give the rule by which this Court would be guided; but it is the peculiar province of this Court to expound the acts of congress, and to give the rule by which they are to be construed.

Judgment affirmed, with costs.

a 9 *Cranch*, 64.