The jury found a verdict for the plaintiff, subject to the opinion of the court on the following case: The land mentioned in the plaintiff's *Page 152 
declaration (of which the defendants are in possession) was granted to Mary Franklin, the elder, about 1780. On the death of Mary Franklin, intestate, the premises descended upon Mary, the lessor of the (284) plaintiff, Thomas Franklin, and others, children and heirs at law of the grantee.
On 1 July, 1808, the marshal of the district of North Carolina conveyed the lands to Camp for the sum of $2.38 that being the amount of tax due thereon by virtue of an act of Congress of 14 July, 1798, to satisfy which the land was sold. About one year previous to the sale for taxes Thomas Franklin, then a part owner of the land, made a legal tender to the collector of all that was due to the United States upon this land; the collector refused to receive it, and no demand was made of the tax until the sale of the land.
Since the conveyance to Camp, Thomas Franklin and the other children and coheirs have released and conveyed their interest in the premises to the lessor of the plaintiff.
If the court shall be of opinion that the defendant has a good title under the marshal's deed, then the verdict to be set aside and a nonsuit entered; otherwise, judgment to be entered upon the verdict for the plaintiff. The court gave judgment for the plaintiff, and defendants appealed.
For the defendant it was argued that on a sale for taxes it was only necessary for the purchaser to show that the tax was unpaid, and that the sheriff had sold and conveyed. It is not necessary to show an advertisement.
On the other side it was said that in every exercise of a naked power it is necessary that every circumstance prerequisite to the exercise of the power should precede it and the person claiming under it must show that it did precede it. If a party claim under the deed of a marshal selling for a direct tax, he must show every act in pais necessary to precede such sale. The deed is not prima facie evidence that the land was subject to such sale or that the acts in pais which give validity (285) to the deed did exist. 4 Wheaton, 79, and 5 ibid., 116, 119, were referred to.
I think there can be no reason in this case for granting a new trial. It is set forth on the record that a tender was made of the taxes due on the land; that tender, as to this question, was tantamount to a payment of them; and if no taxes were due, the marshal had no authority to sell. The consequence is that the deed executed by him is of no more validity that if it had been executed by any other unauthorized person; and in this opinion my brethren concur.
PER CURIAM. No error. *Page 153