Mr. Chief Justice ShaRKey
delivered the opinion of the court.
The plaintiff in error purchased a lot in the city of Natchez, at a sale made by the sheriff, under a judgment against the defendants, and brought this action of ejectment to recover possession of the lot, but failed in consequence of the ruling out his evidence, which consisted of the judgment, the execution and the return thereon, and the sheriff’s deed. It is now assigned as error that (he court improperly ruled out the evidence.
In deducing title derived under a sheriff’s sale, as against the defendant in the execution, the usual course is to introduce the judgment, the execution and return, and the sheriff’s deed, and if there be no fatal defect in either, the plaintiff may rest his case. Mere irregularities in the judgment, or execution, cannot be collaterally inquired into.
It does not appear, from the bill of exceptions, on what ground the evidence was objected to, or for what reason it was ruled out. The objection was general, and it was sustained. It is proper, in objecting to evidence, that the ground of objection should be stated, as in that way only can parties be confined in this court to the same ground of objection which was taken in the court below. It is a general rule, that questions cannot be raised in this court which were not raised in the court below. It is our duty to review the decisions of the court below, but if we decide new questions, not raised there, we assume original jurisdiction. This rule should not be relaxed, unless in cases where the evidence offered and objected to consists of matters of record, and even then the propriety of departing from the rule may be questionable. But, waiving for the present the application of the rule, so far as the evidence consisted of matters of record, we will proceed to inquire into the propriety of the decision, on the grounds taken in the argument in this court.
The judgment, under which the property was sold, was re-* versed after the sale, but it is conceded that this did not vitiate *206 the sale. As it was a judgment in full force when the sale was made, we are at a loss to perceive any reason for ruling it out. True it was insufficient alone to prove title in the plaintiff, but this did not affect its competency. It was a question of sufficiency, not of admissibility.
The execution, however, and the proceedings under it, preliminary to the sale, seem to constitute the chief grounds of objection. The levy was made in April, 1842, whilst the valuation law was in force, and the defendants in execution requested in writing that the whole of the property levied on, being real estate, should be appraised according to the provisions of the statute of 1840, and appointed on their part an appraiser; the sheriff also appointed an appraiser, and so did the plaintiffs in execution, and the appraisers discharged the duty, and made return to the sheriff, who afterwards sold the property for more than two-thirds of the appraised value. It would seem, from the arguments, that the evidence was excluded, because of a supposed defect in the proceedings of appraisement. Two grounds have been taken by the plaintiff’s counsel, for reversing the judgment; first, it is said that the- provisions of the statute were strictly pursued, and that the sale was therefore valid ; second, that the appraisement law was unconstitutional, and it was therefore immaterial whether the provisions of the act were followed or not; the sale was still valid. On the other hand, it is contended that the law was not pursued, and that a sale made by a sheriff under a naked power derived from a statute, uncoupled with an interest, is void, if the statute be not strictly followed.
In estimating the value of the property, the appraisers took into consideration previous incumbrances, and assessed the value to a certain sum, -after having deducted the amount of in-cumbrances. In their report they state that the property was subject to two other executions, which had been previously levied on it,.amounting to $8158; that it had been appraised under those executions, and not sold, and they valued the property sued for in this action, at $10,842, after having deducted from the entire value the sum of $8158, on account of the pre *207 vious executions, which had been levied on it. They were furnished by the sheriff with a statement, showing the parties to the previous executions, and the dates and amounts of the judgments. To this course we see no objection whatever; on the contrary, the appraisers seem to have adopted the true and only mode of arriving at the value. The object of the law was, that the thing to be sold should bring two-thirds of its value. What was levied on in this instance 1 A property subject to incum-brances. The thing to be sold was the residue of the property,, whatever it might be, after the previous executions were satisfied; and this too was of course the thing to be appraised. Nothing could be appraised but that which was liable to be sold under the particular execution. The appraisement was made with reference to the execution, or to the liability of the property to the execution. To require that the entire value should be appraised, when the entire thing could not be sold, would be unreasonable. Nothing could be appraised but the interest of the defendants in the thing levied on. What was their interest in this lot 1 It was subject to liens, and of course their interest was what remained after the liens were satisfied. This could be ascertained only by deducting from the entire value, the amount of incumbrances; the residue was the defendants’ interest, or all that was liable to the execution. The law required that property levied on should bring two-thirds of its value. It is demonstrable that these defendants receive more for this property. It was first levied on by the sheriff under two older executions, and not sold because it failed to bring two-thirds of its value. It was therefore to remain unsold for twelve months, and then to be sold for what it would bring. The amount of the first executions was $8158. It was appraised to $10,842, over and above the amount of prior liens, thus making the entire value amount to $19,000. It sold subject to the lien, for $7228. The purchaser was bound to satisfy the lien by paying the amount. Add the purchase-money to the incumbrance, and the amount is $15,386, which is nearly $3000 over two-thirds of the entire value, a sum which the defendants have realized from the property, above the amount that the law *208 authorized it to be sold for. But it was insisted that the appraisers were not authorized to judge of the legality, or the existence of incumbrances. When brought to their knowledge, as these were, they were bound to notice them, for it was only by doing so that they could arrive at a fact which their oath required them to determine.
It was also insisted that the property was not subject to a levy, because having failed to bring two-thirds of its value under the prior executions, it was exempt from sale under any execution for twelve months. The law declared that when the property levied on failed to sell for two-thirds of its value, no other writ of execution, or other process for the sale of the property should issue, until the expiration of twelve months. The fourth section then provided that after the expiration of twelve months from the time at which the execution was returnable, a venditioni exponas should issue under which the property should sell for whatever it would bring. It is thus too clear to admit of doubt, that nothing more was intended than that pending the levy, no other execution under the same judgment should issue for the sale of the property; not that it should not be liable to other creditors.
Another objection taken to the validity of the sale is, that the sheriff did not furnish the defendants with a copy of the ap-praisement as required by the third section of the act. The record does not show that any such notice was furnished the defendants, nor does it show that any such objection was raised as a ground for rejecting the evidence in the court below. This was a matter in pais, and if the objection had been taken at the proper time, it might have been obviated by proof that the requisite notice had been furnished the defendants. The presumption is, that a party waives objections to evidence if they are not taken at the time it is introduced. Phillips v. Lane, 4 How. 122; Jackson v. Jackson 5 Cowen, 173. The objection in this instance was general; we have nothing before us that will authorize us to say that the failure to prove notice of the appraisement had any influence in the decision of the court. It is manifest on the contrary that it had not. The *209 failure to notify the defendants could not have rendered the judgment, the execution and the levy incompetent, because such notice succeeds the levy; it is only to be given after the levy is made and the property appraised. A failure to give the notice did not vitiate that which had preceded it. At most it could avoid nothing .but the sale. The plaintiff probably commenced his proof with the judgment, then the execution and levy. These were ruled out, but this could not have been because the defendants were not notified of the appraisement. They were doubtless insufficient to establish title of themselves, but that was not a question of admissibility. We give no opinion as to the validity of a sale without notice of the ap-praisement served on the defendants, believing as we do that such a question was not raised.
The only remaining point which we shall notice applies to the sheriff’s deed. The plaintiffs in execution gave written directions to the sheriff to make a deed to the purchaser, in which they stated that the amount of the bid had been arranged with them. This it is said was not a payment in money }as the statute requires. The object of the sale was that the debt might be satisfied. If the plaintiffs acknowledged satisfaction it was surely sufficient. The object of the sale was accomplished. It was an unqualified admission that the amount of the bid had been paid to the plaintiffs. It was sufficient, after the reversal of the judgment, to entitle the defendants to a restitution of the amount bid. The authority referred to by counsel does not sustain the argument on this point. It does not decide that it is necessary for a sheriff’s vendee to prove payment. The deed, and not the payment, is the evidence of title. We admit the doctrine decided in the case referred to, (4 Wheat. 77,) that a sale made under a naked power derived from a statute, uncoupled with an interest, will be void, if the statute is not strictly pursued; and if the validity of a deed made under such sale, depends upon a matter in pais, the party claiming under it, is bound to prove performance of the act. That case arose out of a tax-collector’s sale; this under a sheriff’s sale. The one derives all his power *210 from a statute ; the other derives his power from a judgment. Sales by a sheriff are judicial sales, whereas a tax-collector’s sale is a statutory sale.
Thinking that the appraisement law was substantially observed on the several points which have been properly presented for our determination, we say nothing as to the constitutionality of the law. For the same reason we give no opinion as to the effect of a failure to follow strictly the requisites of a statute on a sale made by a sheriff.
The judgment must be reversed and the cause remanded.