Mr. Justice Clayton
delivered the following opinion.
In this case the first inclination of my mind was in favor of the legality of this sale, and the consequent affirmance of the judgment. But the uniform language of the books is, “ that in the case of a naked power not coupled with an interest, the law requires that every prerequisite to the exercise of that power must precede its exercise; that the agent must pursue the power, or his act will not be sustained by it.” Williams v. Peyton, 4 Wheat. 79; Wilson v. Bell, 7 Leigh, 24; 1 Sugden on Powers, 170; City of Natchez v. Minor, 10 S. & M. 264. The power of a tax collector to make a sale, is of that character.
I concur in the construction placed upon this statute by Judge Thacher. I do not think the sale is good, because the sheriff did not designate the particular eighth which he first offered. He *506 could not offer an uncertain lot, because no one could know, in such case, what he was attempting to sell.
But when the part first offered is sufficiently designated, and is not sold, then the part so offered and refused may be added to the next, and so on until a sale is effected. Or the sheriff may offer each subdivision separately.
One mode is not more liable to objection or abuse than the other. Without competition, it must be at the option of the purchaser to bid as little as he pleases, and competition is not likely to spring up at tax sales, when one has scarcely ever been supported. The preliminary requisites should be made so few, and simple and plain, by the legislature, that no one could mistake them.
I concur in the judgment, that the case must be reversed, and remanded for a new trial.
Judgment reversed. ■