## Dow v. Chandler, *Appellant*.

United States Collector's Deed, VOID ON FACE, WHEN: STATUTE. A deed by the United States collector of internal revenue, made under a seizure and sale of real estate for taxes, is void on its face when it appears therefrom that the twenty days, notice of the sale required by Revised Statutes of Uunited States, section 3197, was not given to the defendant in such proceeding.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

REVERSED.

*John O'Day* for appellant.

(1) Respondent in this case seeks to recover under a tax deed executed by a United States collector of internal revenue. Sales of real estate for non-payment of taxes are *ex parte* and summary proceedings, and it must

appear that the proceedings of law preparatory to and authorizing such sales have been punctiliously complied with. If these fail the power to sell is not created. If any one of them fails it is as void as if all failed. The court cannot aid the defective execution of a statutory power. It is, therefore, an axiom accepted that when tax sales are under consideration a fundamental condition to their validity is that a strict compliance with the law in all proceedings, of which the sale was the climax, must be proven. Blackwell on Tax Titles, 120, 215, 223, 251 ; Cooley on Taxation, 324, 325 ; *Smith v. Funk*, 57 Mo. 239 ; *Abbot v. Dolan*, 49 Mo. 304 ; *Spurlock v. Allen*, 49 Mo. 178 ; *Cook v. Hacklemann*, 45 Mo. 320 ; *Yankee v. Thompson*, 51 Mo. 233 ; *Hughey v. Harrell*, 2 Hammond 231 ; *Parker v. Rule's Lessee*, 9 Cranch 64–70 ; *Williams v. Patton*, 4 Wheat. 77 ; *McClurg v. Ross*, 5 Wheaton 116 ; *Ferris v Cooper*, 10 Cal. 589 ; *Wilson v. Bell*, 7 Leigh 22 ; *Brown v. Veazie*, 25 Me. 359 ; *Harrington v. Worcester*, 6 Allen, 576. (2) Notice of the sale must have been given in the manner required by statute. Any deviation therefrom rendered the sale void. Although notice may have been given in one of the methods provided by the statute, still that would not be sufficient ; each and every part of the statute must have been complied with. Blackwell on Tax Titles, 120 ; *Hughey v. Harrell*, 2 Hammond, 231 ; *Yankee v. Thompson*, 51 Mo. 240 ; *Smith v. Funk*, 57 Mo. 239 ; *Spurlock v. Allen*, 49 Mo. 178 ; 9 Cranch, 70.

*H. C. Young* and *C. W. Thrasher* for respondent.

(1) The statute of the United States, under which the deed in controversy was made, makes it *prima facie* evidence of the facts stated therein in favor of the grantee in such deed and any one seeking to avoid such deed, because the facts recited therein are not true, must take the burden of disproving such facts. Hilliard on Taxation, 505 and 506 ; *Turney v. Yeoman*, 16 Ohio 24 ; *City, etc., v. Oeters*, 36 Mo. 456. (2) The deed sufficiently

recites that legal notice was given of the sale. (3) The official seal of the collector making the deed impressed upon the paper is a sufficient sealing of the deed. *Meyers v. Russell*, 52 Mo. 26.

BLACK, J.—This was an action of ejectment for a tract of land in Greene county. Plaintiff's title was a deed from the United States collector of internal revenue, dated March 21, 1873, to Onstott, and a deed from him to plaintiff. The collector's deed was based upon a sale made on the twenty-ninth of December, 1871, for a deficiency tax on the November list of 1879, and a capacity tax on the February list of 1870, assessed against the defendant as a distiller. This deed was read in evidence over the objections of the defendant, and as neither party offered evidence to support or impeach the deed, it must stand or fall on its own recitals. The deed must state the same facts which are required to be stated in the certificate of sale—that is to say, it must "set forth the real estate purchased, for whose taxes the same was sold, the name of the purchaser, the price paid therefor," and be executed in accordance with the laws of this state upon the subject of sales of real estate under execution. When so made it "shall be *prima facie* evidence of the facts therein stated, and if the proceedings of the officer as set forth have been substantially in accordance with the provisions of law," the deed shall operate as a conveyance, etc. Revised Statutes of the United States, sections 3198 and 3199. Numerous objections are made to the validity of this deed, but we do not regard any of them as vital, save the one with respect to notice of sale.

Section 3197 (R. S. of U. S) provides that the officer "shall give notice to the person whose estate it is proposed to sell, by giving him in hand or leaving at his last or usual place of abode * * * a notice in writing, stating what particular estate is to be sold, describing the same with reasonable certainty, and the time

when, and place where said officer proposes to sell the same, which time shall not be less than twenty, nor more than forty days from the time of giving said notice. The said officer shall also cause a notification to the same effect to be published in some newspaper within the county where such seizure is made * * * and shall cause like notice to be posted at the post office nearest to the estate seized, and in two other public places," etc. The personal notice was given on the ninth of December, and the sale was made on the twenty-ninth of the same month. The personal notice appears to be sufficient. The deed recites that publication was made in a designated weekly newspaper "for three weeks successively, to-wit: on the fourteenth, twenty-first and twenty-eighth days of December, 1871;" it also recites that a like notice was posted at the post office, and at two other public places. While the recital is, that three weeks' notice was given, yet the facts stated show that less than twenty days' notice was given, for the first publication was on the fourteenth and the sale was on the twenty-ninth of December.

The contention is that the law did not require any specific time of publication or of the notices to be posted. These proceedings are summary, and it appears to be the plain purpose of the law to give notice of the sale, not only to the person whose property is to be sold, but to the public. The construction contended for by the plaintiff would make notice by publication and posting for any length of time sufficient. This is clearly not the purpose of the law, for it contemplates a substantial notice to bidders. But one reasonable construction can be given to the statute, and that is that the newspaper publication and the notices to be posted must all be given for not less than twenty days before the day of sale. The deed is, therefore, void on its face, for it shows affirmatively that the law was not complied with in the

matter of giving notice of sale. The deed should have been excluded.

Judgment reversed and cause remanded. Henry, C. J., absent. The other judges concur.