EDWIN R. ROBERTS vs. MARY A. MOULTON.

York.    Opinion November 29, 1909.

*Taxation. Tax Sales. Validity. Notice. Non-residents. Curative Statute.
Revised Statutes, chapter 10, sections 28, 73-81.*

1. To establish a valid title under a sale of real estate for the non-payment of taxes it must be proved that the provisions of law preparatory to, and authorizing, such sales, were strictly complied with.

2. In the case at bar, the court is of opinion that the person against whom the tax was assessed was a non-resident of the town at the time it was assessed. But the collector in giving notice of the sale gave the notices which the statute, R. S., chapter 10, sections 73 and 75, requires shall be given in the case of real estate of resident owners, and did not give the notices required in the case of real estate of non-resident owners.

3. The curative provision in Revised Statutes, chapter 10, section 73, "that no irregularity, informality or omission in giving the notices required by this section shall render such sale invalid, but such sale shall be deemed to be valid, if made at the time and place herein provided and in other respects according to law, except as to the matter of notice," does not apply to irregularities or omissions in giving the notices required by Revised Statutes, chapter 10, section 75.

4. When the real estate of a non-resident owner is sold by a collector for non-payment of taxes, without having given the notices required by Revised Statutes, chapter 10, section 75, for non-resident owners, the sale is void.

On report.    Judgment for defendant.

Writ of entry to recover a certain parcel of land situate in the town of Lyman, York County.    The plaintiff's title depended upon the validity of a tax sale of the demanded premises.    At the conclusion of the evidence, the case was reported to the Law Court for determination.

The case is stated in the opinion.

*Cleaves, Waterhouse & Emery*, for plaintiff.

*Natt T. Abbott, and Hiram Willard*, for defendant.

SITTING: WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, BIRD, JJ.

SAVAGE, J.   This is a real action, and the plaintiff's title depends
upon the validity of a tax collector's deed.   Various objections
have been urged against the legality of the assessment and sale,
only one of which shall we have any occasion to notice.

The land was taxed and sold as the real estate of an owner, resi-
dent in the town.   The defendant contends that the person against
whom the tax was assessed was at the time a non-resident, and
therefore, that the sale was invalid.   This contention involves a
question of fact and a question of law.

The case comes up on report.   We have carefully studied the
evidence reported, and deciding as well as we can, upon the face of
the record, without the aid of seeing and hearing the witnesses,
we think that the evidence strongly preponderates in favor of
the defendant's contention.   Accordingly we find that the party
assessed was in fact a non-resident at the time of the assessment.

In view of the fact thus found, was the sale valid?   We think it
was not.   The statutes nowhere require the assessors to classify land-
owners assessed as "resident" and "non-resident," although that
was done in this case.   But in the provisions of statute regulating
sales by collectors, R. S., ch. 10, sects. 73 to 81, such a classifica-
tion is made.   Different provisions are made for the sale of the
real estate of a resident owner, than for the sale of the real estate
of a non-resident owner.   The difference relates to manner of giv-
ing notice of the sale, the time for delivering the deeds, and the
time and prerequisites for redemption.   As to the sale itself, and
the certificates of notice and sale, the same provisions apply to
both cases.

Under section 73, in the case of the real estate of resident owners,
the collector is required to give notice of his intention to sell, by
posting notices thereof in the same manner and places as warrants
for town meetings are required to be posted, six weeks before the
time of sale; and in the case of the real estate of non-resident
owners, by causing such notices to be published in a newspaper
published in the county, if any, if not, in the State paper, three

weeks successively, the first publication to be at least six weeks before the sale. It may be that the failure to publish notice as required by this section would not be fatal to the validity of a collector's sale of the real estate of a non-resident owner, for it is further provided in the same section that "no irregularity, informality or omission in giving the notices required by this section . . . . shall render such sale invalid, but such sale shall be deemed to be legal and valid, if made at the time and place herein provided, and in other respects according to law, except as to the matter of notice." It is not to be understood by this provision that the legislature meant that a sale without notice of any kind whatever would be valid. But since this same section established both the place of sale, and the time of sale, even to the hour, it is the legislative meaning that the statute itself is notice to all persons, residents or non-residents. Every taxpayer is held to know that if he does not pay the taxes assessed upon his real estate, it will be sold by the collector for non-payment of the tax, at the time and place fixed by statute. By the enactment of the statute fixing the time and place of sale, with the curative provisions for irregularities, informalities or omissions, it was apparently sought to avoid some of the stumbling blocks which have lain in the way of towns in enforcing the collection of taxes, and to make the validity of tax sales and deeds more certain. But whatever may be the effect of the omission to give the statutory notice required by section 73, there is another requirement as to notice which presents an insuperable difficulty.

By section 75, the collector, in the case of the real estate of a resident owner, or occupant, is required to notify the owner, if resident, or the occupant, if any, by delivering to him in person, or leaving at his last and usual place of abode, a notice of the sale. In the case of non-resident owners, such notice is to be sent by mail to the last and usual address, if known to the collector. These requirements are absolute. There is no saving clause as the one in section 73 which we have quoted. The requirement as to the non-resident owners was not complied with in this case.

It is too well settled to require the citation of authorities that to establish a valid title under a sale of real estate, for the non-

payment of taxes, which is a proceeding essentially ex parte and in invitum, great strictness is required. Inasmuch as it involves a forfeiture, the provisions of law preparatory to, and authorizing, such sales must have been strictly complied with, or the sale must be held invalid.

The case shows that the collector returned that he left notice of the sale at "the last and usual place of abode" of the person assessed. But we find that that person lived in another town. Therefore he had no "last and usual place of abode" in this town. The real difficulty, however, lies deeper. The legislature has made notice of a specific kind to non-residents a prerequisite to a legal sale. The collector did not give that notice, nor did he attempt to. On the other hand, he attempted to give another kind of notice, which had been provided for another class of assessed persons. In a case of this kind an unauthorized notice is not notice. It is no better than if no notice at all had been given. As between the collector and the town, perhaps he was justified by the form of the assessment, but that cannot affect the landowner. Since the collector failed to comply with the statute requirement in section 75 for notice, the sale must be held invalid.

While it is not necessary at this time to particularize at length, it may be added that the differing provisions, with respect to resident owners on the one hand and non-residents on the other, concerning the time of delivery of a deed to the purchaser, and the time and prerequisites of redemption, only emphasize this conclusion. The conditions and burdens placed upon the two classes of owners are not alike, and are not equally onerous, though the last is not important.

It is proper to say also that the strictness of the rule which we have necessarily applied in this case need work no real hardship on towns and collectors in similar cases. If the tax be legally assessed, the collector has an ample remedy for the enforcement of the lien by suit at law, under R. S., ch. 10, sect. 28, and need not take the risk of a sale.

*Judgment for the defendant.*