LINA VAN WOUDENBERG *vs.* DOROTHY LOUISE VALENTINE.

Lincoln.        Opinion, July 20, 1939.

*Alan L. Bird*, for plaintiff.
*Abraham Breitbard*,
*Wilfred E. Diamond*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.    In this real action, the plea was the general issue. A hearing in vacation before a judge, no jury participating, (R. S., Chap. 96, Sec. 39, as amended by P. L. 1933, Chap. 14,) involved the question of the highest right or best title to the land. Plaintiff predicated her claim to the legal title. Judgment went for her.

The first question on exceptions by defendant is whether a sale, and an eventually delivered deed purporting to evidence the conveyance of certain real estate for unpaid delinquent taxes, effected a divestment of the original title to the property.

The levy and assessment was of April 1, 1932, in Bremen, against owners nonresident in the town. The collector, in selling and deeding, proceeded under Revised Statutes, Chapter 14, Section 72, *et seq.*

The auction was on February 6, 1933. The bid of the town, $20.77, a sum exactly totaling the amount of the taxes and accrued costs, for the whole estate, was successful. The premises were struck off, accordingly.

Tax sales are subject to defeasance by redemption of the property within two years. R. S., Chap. 14, (*supra*), Sec. 80, as amended by P. L. 1933, Chap. 205. This privilege, conferred by, and not existing independently of statute, was not here asserted.

The town quitclaimed its title. Intermediate deed, dated June 23, 1937, and duly recorded, brought that title to defendant.

Plaintiff's title is derived from the true owners. Her deed is subsequent, as respects both the time of its execution and of its record, to defendant's deed.

Sales for default in taxes must rightly adhere to statutory requirements. Those requirements, being designed for the security of property owners, or for their benefit, are mandatory and not directory. *Whitmore* v. *Learned,* 70 Me., 276, 278; *United, etc., Company* v. *Franks,* 85 Me., 321, 322, 27 A., 185; *Roberts* v. *Moulton,* 106 Me., 174, 176, 76 A., 283. A conveyance of real estate for nonpayment of taxes is, in general, for an inadequate consideration, on *ex parte* proceeding, and against the will of the land owner. *French* v. *Patterson,* 61 Me., 203, 210; *Whitmore* v. *Learned,* supra.

Of controlling importance in the present inquiry is a statute

provision that, before offering nonresident owned real estate for sale for tax delinquency, tax collectors shall, additionally to previous newspaper notice of the time and place of, (except the taxes be sooner paid,) the intended selling and other details, "lodge with the town clerk a copy of each such notice, with his (i.e., the collector's) certificate thereon that he has given notice of the intended sale as required by law." The statute continues: "Such copy and certificate shall be recorded by said clerk and the record so made shall be open to the inspection of all persons interested." R. S., Chap. 14, Sec. 72.

There is, on the record, no dispute that the tax collector, in his effort to enforce collection of a valid tax, punctiliously followed statute prescription. The town clerk, although he indorsed on the copy and certificate the words: "received and recorded," never did register the copy and the certificate in the sense of actually spreading them of record. At the trial below, the registering official produced the copy and the certificate, neither of which had been recorded.

The clerk's failure to record the copy and the certificate must be held fatal to validity of the tax collector's deed. See, as affording a rule for guidance in the present instance, *Stafford* v. *Morse*, 97 Me., 222, 54 A., 397. There, a statute required, on foreclosure of a real estate mortgage by publication, that a copy of the printed notice and the name and date of the newspaper in which it was last published be recorded in the office of the register of deeds, within thirty days after the last publication. A certificate of a register as to such record was not dated, and there was no record evidence that the printed notice was seasonably recorded. The foreclosure was held ineffectual. Nor was the record amendable after the thirty days had elapsed. *Stafford* v. *Morse*, supra.

To support a tax title, the observance of all statute conditions is indispensable. To prevent a forfeiture, strict construction is not unreasonable. *Cressey* v. *Parks*, 76 Me., 532; *Baker* v. *Webber*, 102 Me., 414, 67 A., 144.

Indorsement upon the copy and certificate of "received and recorded" was of no legal efficacy. That, in and of itself, did not make a record "open to the inspection of all persons interested." The

realty owner, for one, was not afforded a source of information respecting his own situation; the record, as to him, was only a blank page.

True, a chattel mortgage is "considered as recorded when received." A statute defines that it shall be so regarded. R. S., Chap. 105, Sec. 2. No specific legislative declaration similar in tenor applies to tax collectors' copies and certificates.

The defendant seeks to supply the want of a town clerk's record by force of procedural legislation, which lays down, in gist, that in the trial of any action involving the validity of a sale of real estate for nonpayment of taxes, it should, in the first instance, be sufficient for the party claiming under the sale to produce in evidence the collector's deed, duly executed and recorded.

Further, the statute is, in effect, that if the primary evidence of title be contradicted or overcome by other evidence, the tax-deed owner should, on the introduction into the evidence of the original assessment, signed by the assessors, and their warrant to the collector, and the making of proof that the tax collector, in selling the real estate, complied with the statutes, — be entitled to judgment in his favor. R. S., Chap. 14, (*supra*,) Sec. 87.

It is sufficient to say that, in the present instance, the line of argument extends to the inevitable end of the imperfection of the neglect or failure of the town clerk to record the collector's copy and his certificate.

The Legislature did not assume to treat a failure of the town clerk to record the collector's copy and certificate as in no wise affecting the integrity of a sale. That the section was not purposed to have such office is patent on reading its concluding words:

". . . and in all such actions involving the validity of sales made after the twenty-sixth day of April, eighteen hundred and ninety-five, the collector's return to the town clerk, the town clerk's record, or, if lost or destroyed, said clerk's attested copy of such record, . . . shall be prima facie evidence of all facts therein set forth."

A record by the town clerk of the tax collector's copy of his newspaper notice of the contemplated sale, and of his certificate, is, by statute, an essential necessity to make the tax sale valid.

This is the only question necessary to a decision of this case. There need, therefore, here be no separate discussion of exceptions

to a ruling that the tax deed was not shown to have been "duly executed."

Whether Revised Statutes, Chapter 14, Section 72, in its language: "For any irregularity, informality, or omission in giving notice as required by this section, and in lodging copy of the same with the town clerk, the collector shall be liable to any person injured thereby," would afford this plaintiff a right of action as against the tax collector for the town clerk's failure to record the copy of the notice that had been lodged with him, a matter of suggestion in argument, is not at this time open to consideration. In any event, the provision neither excuses nor militates against recording the notice.

*Exceptions overruled.*