**MARGIOTTA**

v.

**DISTRICT DIRECTOR OF INTERNAL REVENUE, BROOKLYN, N. Y. et al.**

**No. 280, Docket 23103.**

United States Court of Appeals Second Circuit.

Argued June 10, 1954.

Decided July 2, 1954.

Rehearing Denied Aug. 3, 1954.

**520**

Edward Gettinger, New York City, and Harold M. Brown, Warsaw, N. Y., Samuel W. Sherman, New York City, for appellant.

Leonard P. Moore, U. S. Atty. for Eastern District of New York, Brooklyn, N. Y. (Elliott Kahaner, Brooklyn, N. Y., of counsel), for District Director of Internal Revenue.

Benjamin Cohen, New York City, for Murray Joseph, appellee.

Before CHASE, Chief Judge, and FRANK and HINCKS, Circuit Judges.

FRANK, Circuit Judge.

■ 1. When the receiver moved to vacate the sale, that sale had already occurred, Joseph had paid the purchase price, and possession of the property had been transferred to him by the government. Accordingly, as the government was not then in possession, it could not properly object to the summary jurisdiction of the bankruptcy court.

The situation here is unlike that in Goggin v. Division of Labor Law Enforcement, of California, 336 U.S. 118, 69 S.Ct. 469, 93 L.Ed. 543. There the Collector had levied and was in possession before the taxpayer went into bankruptcy; after the bankruptcy, the Collector surrendered possession to taxpayer's bankruptcy-trustee for sale under an agreement that the government's lien was to attach to the proceeds of the sale. The Court held that, by this arrangement, the government had not lost the advantage of its possessory lien. But here the government had no agreement for retention of its rights as lienor when it gave possession to Joseph. Similarly, United States v. Sands, 2 Cir., 174 F.2d 384, 385, is not in point. There, before the taxpayer's bankruptcy, the Collector had levied on and taken possession of the property; the taxpayer's trustee in bankruptcy sold the property but, pursuant to a stipulation that the sale "should be without prejudice to * * * the claim of lien made by the collector."

As Joseph, in possession, interposed no objection to the summary jurisdiction, he must "be deemed to have consented to such jurisdiction" under Section 2, sub. a(7)—11 U.S.C.A. § 11, sub. a(7)—of the Bankruptcy Act.[3]

■ 2. The sale was invalid for failure to comply with the plain pre-sale

---

3. The bidder, Weisen, although notified of the trustee's motion, did not appear in the district court or in this court; more-over, he was not in possession of the property when the receiver made his motion.

requirements of 26 U.S.C. § 3693, which reads as follows:

"*Proceedings on distraint.* When distraint is made, as provided in section 3690—

"(a) *Account and notice to owner.* The officer charged with the collection shall make or cause to be made an account of the goods or effects distrained, a copy of which, signed by the officer making such distraint, shall be left with the owner or possessor of such goods or effects, or at his dwelling or usual place of business, with some person of suitable age and discretion, if any such can be found, with a note of the sum demanded and the time and place of sale; and

"(b) *Public notice.* Forthwith cause a notification to be published in some newspaper within the county wherein said distraint is made, if a newspaper is published in said county, or to be publicly posted at the post office, if there be one within five miles nearest to the residence of the person whose property shall be distrained, and in not less than two other public places. Such notice shall specify the articles distrained, and the time and place for the sale thereof.

"(c) *Time and place of sale.* The time of sale shall not be less than ten nor more than twenty days from the date of such notification to the owner or possessor of the property and the publication or posting of such notice as provided in subsection (b) and the place proposed for the sale shall not be more than five miles distant from the place of making such distraint.

"(d) *Adjournment of sale.* Said sale may be adjourned from time to time by said officer, if he deems it advisable, but not for a time to exceed in all thirty days."

The notice published in the New York Herald Tribune did not comply with the statute. For (aside from the fact that that newspaper was not published

"within the county wherein said distraint" was "made") the publication was not "forthwith" but on February 15, which was many days after the distraint on January 21. Nor was the time of sale, February 16, "not less than ten \* \* \* days from \* \* \* the publication \* \* \* of such notice."[4]

The statute permits an alternative to newspaper publication, *i. e.,* posting notices at the Post Office and not less than "two other public places." But here there was a fatal departure from this alternative requirement: The notice was posted at but one other "public" place. The premises of the bankrupt do not constitute a "public" place;[5] it did not become so merely because the sale there took place.

■ 3. Section 3695 of Title 26 provides that "the officer making the seizure shall proceed to sell such property at a public auction \* \* \*" Section 3696 also provides that the officer shall sell "at public auction." Section 3697 provides: "In all cases of sale, as aforesaid, the certificate of such sale—(a) shall be prima facie evidence *of the right of the officer to make such sale,* and conclusive evidence of the *regularity of his proceedings in making the sale*". We think that the statement at the outset of Section 3697, "In all cases of sale, as aforesaid," means a sale preceded by notices in accordance with Section 3693.

Moreover, we think that "the right of the officer to make such sale" depends, among other things, upon his having given the public notices in accord with Section 3693, as a condition precedent to "making the sale," and that the certificate is therefore merely "prima facie" evidence that such notices had been given. See Williams v. Peyton's Lessee, 4 Wheat. 77, 4 L.Ed. 518, where the federal statute did not authorize the issuance of any certificate; the Court (per Marshall, Chief Justice) said that the officer's deed was not *prima facie* evi-

---

**4.** There was no publication whatever previous to February 8, the date first fixed for the sale.

**5.** Armstrong v. New La Paz Gold Mining Co., 9 Cir., 107 F.2d 453, 455–456.

dence that the Collector had posted notices of sale in four public places as then required by the statute. In Mutual Ben. Life Ins. Co. v. Tisdale, 91 U.S. 238, 239, 245, 23 L.Ed. 314, the Court cited Williams v. Peyton, supra, as dealing with lack of evidence of the officer's "right to sell." Here the *prima facie* evidence, supplied by the certificate of the officer's "right to make such sale," is amply rebutted by the undisputed record evidence of the inadequate notices.[6]

Joseph contends that the sufficiency of the notices of the proposed sale comes within the phrase concerning the "regularity of his [the officer's] proceedings in making the sale", and that consequently the certificate constitutes "conclusive evidence" that there were notices in compliance with Section 3693. We do not agree. Were this argument sound, then the officer by merely issuing a certificate would validate a sale when the officer had given no public notice whatever. We think Congress did not so intend. We think that "proceedings in making the sale" occur after the notification of an intended sale to prospective purchasers, and that those quoted words relate to the subject matter covered by Section 3695. It is noteworthy that here the officer's certificate recites nothing about the notices. It does, however, recite that the sale was at public auction and to the highest bidder, matters relative to the conduct of the sale itself, and not to the pre-sale requirements.

■ 4. Appellees stress 26 U.S.C. § 3653 which provides that (with exceptions not here relevant) "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." We think this statute does not cover a suit, against a purchaser in possession, to set aside a sale, which was defective for substantial non-compliance within Section 3693.[7]

■ 5. Because of the substantial defect in the notice, the sale should be set aside. Were taxpayer not in bankruptcy, we would, in order to prevent unjust enrichment, condition the grant of that relief on repayment by appellant to Joseph of the purchase price, to the extent that it was applied in payment of the indebtedness owing to the government.[8] However, here appellant should not be needlessly thwarted in making an attempt, as he desires to do, to attack the validity, as against a bankruptcy trustee, of the chattel mortgage and conditional sale subject to which the property was sold. With that chattel mortgage and conditional sale outstanding, it would be almost impossible for appellant to obtain funds necessary to reimburse Joseph, except through a sale free and clear of all liens and encumbrances.

Accordingly, we direct the entry of an order setting aside the government's sale but recognizing an equitable lien in Joseph on the property (subject to the chattel mortgage and conditional sale) to the extent that the $15,000 paid by Joseph to the government went to pay the taxes, penalties and interest (owing the government at the time of the government's sale) together with interest on that amount from the time of that sale. When this has been done, it will be possible for the bankruptcy court promptly to order a sale in bankruptcy free and clear of all claims and liens, but transferring to the proceeds as liens (a) the chattel mortgage and the conditional sale (subject to appellant's right to attack their validity) and (b) Joseph's lien as above described. If the

6. Cf. McAndrews v. Belknap, 6 Cir., 141 F.2d 111; Dow v. Chandler, 85 Mo. 245; Van Woudenberg v. Valentine, 136 Me. 209, 7 A.2d 623, 624; Virginia & West Virginia Coal Co. v. Charles, 4 Cir., 254 F. 379, 386–387.

7. In Gouge v. Hart, 4 Cir., 250 F. 802, the government purchased the property

at the sale. If that fact does not distinguish the case, we disagree with it.

8. See, e. g., Gage v. Pumpelly, 115 U.S. 454, 6 S.Ct. 136, 29 L.Ed. 449; Indiana & Arkansas Lumber & Mfg. Co. v. Milburn, 8 Cir., 161 F. 531, 534; the numerous cases cited in 86 A.L.R. 1211 et seq.; 51 Am.Jur. Sec. 1148.

sale in bankruptcy should not yield enough to satisfy Joseph's lien, the court below would of course refuse confirmation and return the property to Joseph;[9] if, on the other hand, the proceeds should be sufficient, Joseph would be reimbursed.

Reversed with a direction to enter an order in accordance with the foregoing.

### Petition for Rehearing

PER CURIAM.

Petition for rehearing denied. The equitable lien of Joseph is not one which is subordinated under the provisions of Section 67, sub. c, of the Act. Section 107 of Title 11 U.S.C.A.

---

9. In that event, of course, Joseph would take subject to the chattel mortgage and conditional sale. Whether the situation would be such as to make it legally possible and practically advantageous to the estate for the trustee to preserve these encumbrances and enforce the same against Joseph under Section 70, sub. e (2) of the Bankruptcy Act—11 U.S.C.A. § 110, sub. e (2)—are questions for the future determination of the bankruptcy court.