James **MALON**, Plaintiff-Respondent,

v.

James **CHAMP** & Linda Champ,
Defendants-Appellants.

No. 46195.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 31, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied July 15, 1983.

Application to Transfer Denied
Sept. 20, 1983.

Charles A. Hapke, Chesterfield, for defendants-appellants.

James C. Brandenburg, Clayton, for plaintiff-respondent.

CRIST, Judge.

Ejectment action on the strength of Internal Revenue Service Deed seeking possession and the value of the use of real estate. The trial court ejected defendants and awarded the plaintiff the sum of $3,600.00 for use of the premises and an additional sum of $450.00 per month for each month defendants continued to occupy the premises, beginning April 3, 1982. We reverse.

On March 18, 1981, plaintiff purchased the real estate in question at a tax sale conducted at the Internal Revenue Office in Florissant, Missouri. The sole issue is whether sufficient evidence was adduced at trial to support the finding the statutory prerequisites to a valid tax sale and deed under 26 U.S.C. § 6335 et seq. had been proved. Plaintiff offered only the deed to support his case that his title was superior to that of defendants.

The deed recited defendants had been assessed for unpaid United States Internal Revenue taxes. Notice and demand for payment of such tax liability was made upon defendants. The same was not paid within ten days thereafter, and District Director of Internal Revenue seized defendants' real estate on the third day of December, 1980.

26 § U.S.C. 6335(b) provides in part:

Notice of sale. The Secretary shall as soon as practicable after the seizure of the property give notice to the owner, in the manner prescribed in subsection (a). (personal notice), and shall cause a notification to be published in some newspaper published or generally circulated within the county wherein such seizure is made,

. . . .

With reference to personal notice required in 26 U.S.C. § 6335(a) the deed recited:

Whereas, having given notice of the property to be sold, and the time, place, manner, and conditions of the sale thereof, at least ten days previous to said sale, to said taxpayer(s), as the law directs, by advertisement in the St. Louis Countian, a newspaper printed in the English language and published or generally circulated within the County of St. Louis wherein the property was seized, or by posting notice of said sale at the post office nearest to the estate seized and in at least two other public places.

The deed, on its face, shows a different notice was given than that required by 26 U.S.C. § 6335(a). It would appear the scrivener of the deed left out the word "and" after the words "as the law directs." Be that as it may, the deed is defective on its face. The deed further cites defendants were given notice of redemption under 26 U.S.C. § 6337, but they did not exercise such redemption.

26 U.S.C. § 6335 requires as a condition precedent to a valid sale and deed, written personal notice to the defendants of the

sale, which notice should have been personally delivered, left at their abode or business, or failing that, mailed to defendants. Plaintiff cannot recover in an ejectment on a defective federal tax sale or deed.

In the statutory action of ejectment, the burden of proof is on plaintiff to prove legal title in him that entitles him to possession. Ch. 524, RSMo. 1978.

The deed is only prima facie evidence of the facts stated therein and not of the validity of the sale. 26 U.S.C. § 6339(b); see, *Dow v. Chandler,* 85 Mo. 245, 248–249 (Mo.1884); *McAndrews v. Belknap,* 141 F.2d 111, 115 (6th Cir.1944), cert. den., 323 U.S. 721, 65 S.Ct. 53, 89 L.Ed. 580.

Judgment reversed.

CRANDALL, P.J., and REINHARD, J., concur.