**Linda CHAMP, Plaintiff/Appellant,**

v.

**James MALON, Defendant/Third–Party Plaintiff/Respondent,**

v.

**Charles A. HAPKE, Third–Party Defendant/Appellant.**

Nos. 66307, 66308.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 27, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 14, 1995.

Application to Transfer Denied
Sept. 19, 1995.

Charles A. Hapke, Richard Margrave Stout, Weldon Springs, for appellant.

Robert M. Heggie, Beach, Burcke, Mooney, Helfers & Waltrip, Clayton, for respondent.

CRANDALL, Judge.

Appellants, Linda Champ and Charles A. Hapke, appeal from the judgment of the trial court which quieted title to certain real property in respondent, James Malon. We affirm.

In March 1981, Malon purchased real estate located at 1525 Flicker in St. Louis County, Missouri (property), at a tax sale conducted by the Internal Revenue Service (IRS). In *Malon v. Champ*, 655 S.W.2d 600 (Mo.App.1983) (hereinafter referred to as No. 46195, the number assigned to the case on appeal), this court did not permit Malon to recover in an ejectment action against Champ[1] because the federal tax sale deed was defective on its face in that it failed to show the notice required by 26 U.S.C. § 6335(a). After the decision in No. 46195, the IRS issued an amended deed to Malon which inserted the word "and" into the language of the deed, thereby removing the defect specifically noted by this court. The amended deed read in pertinent part: "Whereas, having given notice of the property to be sold, and the time, place, manner, and conditions of the sale thereof, at least ten days previous to said sale, to said taxpay-

---

**1.** We refer to Champ in the singular form in the present action. In No. 46195, there were two defendants, James Champ and his wife, Linda Champ, who owned the property as tenants by the entirety. Upon the death of James Champ, Linda Champ became the successor in title and interest to the property and brought the quiet title action against Malon.

er(s), as the law directs, *and* by advertisement...." (Emphasis added).

Champ brought the present action against Malon to quiet title to the property, alleging that the holding in No. 46195 was res judicata as to her ownership of the property. Prior to the quiet title action, Champ had executed a note in favor of Charles Hapke for attorney's fees incurred in representing her in No. 46195; the note was secured by a deed of trust on the property. Hapke counterclaimed as a third-party defendant, declaring his lien for attorney's fees superior to Malon's interest in the property. Malon counter- and cross-claimed against Champ and Hapke for quiet title and possession; and in the alternative, cross-claimed against Champ for damages for unjust enrichment for the value of Champ's use of the property and for amounts expended by Malon on the property since the purchase.

On April 14, 1994, the trial court held an evidentiary hearing. The court dismissed Hapke's claim and granted the parties ten days to file briefs. On May 3, 1994, in response to an after-trial motion filed by Malon, the trial court admitted into evidence Exhibit 2, known as "Record 21," on the basis that 26 U.S.C. § 6340 mandated admission. At trial, the court had not admitted Exhibit 2, which consisted of a certified copy of the IRS' record of the sale and seizure of the property; but had granted Malon permission to submit, at a later date, a copy of the federal statute authorizing the admission of the exhibit. Also on May 3, 1994, the court entered judgment in favor of Malon, finding that he was the owner in fee simple of the property and was entitled to possession thereof.

In their first point, appellants contend the trial court erred in entering judgment in favor of Malon because the doctrine of res judicata barred relitigating the issue of Malon's title to the property. They argue that the holding in No. 46195, the prior ejectment action, determined the issues of title and possession which were identical to the issues in the present quiet title action.

■ The doctrine of res judicata provides that where two actions are on the same cause of action, the earlier judgment is conclusive not only as to matters actually determined in the prior action, but also as to other matters which could properly have been raised and determined therein. *Terre Du Lac Ass'n, Inc. v. Terre Du Lac, Inc.,* 737 S.W.2d 206, 212 (Mo.App.1987). In order for a party to be barred under traditional res judicata, the cause of action in the new litigation must be identical to the earlier cause of action. *Id.* Generally, in order for res judicata to apply, there must be (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality of the person for or against whom the claim is made. *Winter v. Northcutt,* 879 S.W.2d 701, 705 (Mo.App.S.D.1994).

■ In the case before us, the amended deed was not adjudicated in the prior action for ejectment because it was not in existence at that time. In No. 46195, this court held that the deed before it was defective on its face and prevented Malon's recovery in the ejectment action. After the decision in No. 46195, the IRS retained the same rights in the property as it had before the sale to Malon in 1981; and it issued an amended deed to him, one which conformed to 26 U.S.C. § 6335(a). The amended deed was the document before the court in the present action to quiet title. Because the deeds in the prior and present actions differed from each other, the actions lacked identity of issues. Res judicata did not bar relitigating the issue of Malon's title to the property on the basis of the amended deed. Appellants' first point is denied.

In their second point, appellants assert the court erred in quieting title in Malon, because the IRS failed to prove that it strictly adhered to the statutory requirements for notice of seizure. Appellants rely on *Goodwin v. U.S.,* 935 F.2d 1061, 1064 (9th Cir. 1991) for the proposition that 26 U.S.C. § 6335 requires "the government to have personally served a written notice to [taxpayer] or to have left the written notice at [taxpayer's] usual place of abode." Appellants argue that neither the amended deed nor any other evidence established that

Champ was given the requisite notice of the seizure.

The service requirements of 26 U.S.C. § 6335 in relevant part are as follows:

§ 6335. *Sale of seized property.*

*(a) Notice of seizure.*—As soon as practicable after seizure of property, notice in writing shall be given by the Secretary to the owner of the property, . . . or shall be left at his usual place of abode or business if he has such within the internal revenue district where the seizure is made. If the owner cannot be readily located, or has no dwelling or place of business within such district, the notice may be mailed to his last known address. . . .

*(b) Notice of sale.*—The Secretary shall as soon as practicable after the seizure of the property give notice to the owner, in the manner prescribed in subsection (a). . . .

 In No. 46195, the court held that the notice recited in the deed was different from that required by 26 U.S.C. § 6335(a), specifically noting the absence of the word "and." *Malon,* 655 S.W.2d at 601. The IRS, however, issued an amended deed after that decision, inserting the word "and." The amended deed clearly stated that notice was given "as the law requires" *and* by other means such as advertisement. In addition, in contrast to *Goodwin,* the IRS did not admit that its notice to Champ deviated from that required by 26 U.S.C. § 6335(a).

Appellants also challenge the admission of the amended deed on hearsay grounds. Appellants did not raise the hearsay objection at trial and thus did not preserve that issue for appeal. Appellants' second point is denied.

In their third point, appellants contend the trial court erred in admitting into evidence Exhibit 2, the certified copy of the IRS' "Record of Seizure and Sale of Real Estate." When Malon moved to admit Exhibit 2 into evidence after trial, appellants responded in a letter to the court, withdrawing their objection to Exhibit 2 and confessing Malon's motion. Appellants thus have failed to preserve the issue for appeal.

Moreover, the court did not err in admitting Exhibit 2 into evidence. The federal statute, 26 U.S.C. § 6340(b), provides that a certified copy of the IRS record of the sale and seizure "shall be evidence in any court of the truth of the facts therein stated." Appellants' third point is denied.

The judgment of the trial court is affirmed.

CRANE, P.J., and DOWD, J., concurs.