In re PETERS.

(District Court, W. D. Washington, N. D.  May 4, 1914.)

ALIENS (§ 68\*)—NATURALIZATION—CONSTRUCTION OF STATUTE.

The provision of Act June 29, 1906, c. 3592, § 4 (2), 34 Stat. 596, as amended by Act June 25, 1910, c. 401, § 3, 36 Stat. 830 (U. S. Comp. St. Supp. 1911, p. 530), authorizing the naturalization without a previous declaration of intention of an alien who has resided constantly in the United States during a period of 5 years next preceding May 1, 1910, and who, because of misinformation in regard to his citizenship or the requirements of the law, has in good faith exercised the duties of a citizen, etc., if in the judgment of the court he "has been for a period of more than 5 years entitled upon proper proceedings to be naturalized," does not apply to one who, although he has resided in the United States for the required length of time, was not 21 years old on May 1, 1905.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. § 68.\*]

In the matter of the application of Percy Herbert Peters for citizenship.  Petition denied.

John Speed Smith, of Seattle, Wash., for the United States.

NETERER, District Judge.  Application was filed November 3, 1913, under the act of June 25, 1910, amendatory of section 4, Act June 29, 1906, the material portion of which reads as follows:

"That any person belonging to the class of persons authorized and qualified under existing law to become a citizen of the United States who has resided constantly in the United States during a period of five years next preceding May first, nineteen hundred and ten, who, because of misinformation in regard to his citizenship or the requirements of the law governing the naturalization of citizens has labored and acted under the impression that he was or could become a citizen of the United States and has in good faith exercised the rights or duties of a citizen or intended citizen of the United States because of such wrongful information and belief may, upon making a showing of such facts satisfactory to a court having jurisdiction to issue papers of naturalization to an alien, and the court in its judgment believes that such person has been for a period of more than five years entitled upon proper proceedings to be naturalized as a citizen of the United States, receive from the said court a final certificate of naturalization, and said court may issue such certificate without requiring proof of former declaration by or on the part of such person of their intention to become a citizen of the United States, but such applicant for naturalization shall comply in all other respects with the law relative to the issuance of final papers of naturalization to aliens."

It is manifest from this act that the applicant must have labored and acted under the impression that he was or could become a citizen of the United States, and exercised the rights or duties of a citizen or intended citizen of the United States because of such wrongful information or belief. The act provides as a further prerequisite to admission that applicant must prove residence in the United States for five years immediately preceding May 1, 1905, and that he was a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed towards the same, and in other respects qualified to become a citizen of the United States, save in the one respect of the declaration of intention.

The application shows that applicant was born May 20, 1885, in England and came to the United States on September 30th of the same year. A computation from the date of birth to May 1, 1905, establishes the fact that the applicant did not possess the qualification for citizenship upon the date named because of age. He was not 21 years of age, and hence not within the provisions of the act.

The application will be dismissed.