## In re CENTER.

(District Court, S. D. Georgia, E. D. December 22, 1914.)

1. ALIENS (§ 68*)—NATURALIZATION—SUFFICIENCY OF EVIDENCE.

On an application for naturalization, evidence *held* to show that the applicant, because of misinformation regarding the requirements of the law governing naturalization, had acted as a citizen under the impression that he was a citizen.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. § 68.*]

2. ALIENS (§ 68*)—NATURALIZATION—STATUTORY PROVISIONS.

Under Act June 25, 1910, c. 401, § 3, 36 Stat. 830, amending Act June 29, 1906, c. 3592, § 4, par. 2, 34 Stat. 597 (Comp. St. 1913, § 4352), to provide that any person qualified under existing law to become a citizen of the United States who has resided constantly in the United States for five years next preceding May 1, 1910, and who because of misinformation regarding his citizenship or the requirements of the law governing naturalization has labored and acted under the impression that he was or could become a citizen, and in good faith exercised the rights or duties of a citizen or intended citizen, may, if the court in its judgment believes that he has been for a period of more than five years entitled upon proper proceedings to be naturalized as a citizen, receive a final certificate of naturalization without proof of a former declaration of his intention to become a citizen, it is not necessary that the applicant should have been entitled to naturalization more than five years prior to May 1, 1910, and where an applicant had resided in the United States for more than five years prior to that date he was entitled to naturalization in 1914, though he did not become of age and entitled to be naturalized until 1906.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. § 68.*]

Application by Henry Center for naturalization. Application granted.

Shelby Myrick, of Savannah, Ga., for applicant.

Oran T. Moore, of Washington, D. C., for the United States.

NEWMAN, District Judge. [1] Henry Center has applied for naturalization under the third section of the act of June 25, 1910, which provides for the naturalization, without the previous filing of a declaration of intention of persons belonging to the class of persons who were authorized and qualified under the then existing law to become citizens of the United States, who have labored and acted under the impression that they were or could become citizens of the United States, and have, in good faith, exercised the rights or duties of citizens or intended citizens of the United States because of wrongful information and belief. The question is whether, under the facts in this case, Henry Center is entitled to naturalization.

He was born in January, 1885, in Russia. He came to the United

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

States, landing in New York, in July, 1901, and came, in three days from the time he landed, to Savannah, Ga., where he has continuously resided since, except he resided a little while in Jacksonville, and came right back to Savannah. No point, I think, is made upon the fact that his residence has been practically continuous in Savannah ever since he came to this country. He became of age in January, 1906, and during that year he registered and voted. He claims that he was informed, and understood all the time, that because of his coming to this country as a minor he became a citizen on becoming 21 years of age. He says he has been paying his taxes and registering every year since 1906.

Center has served in the National Guards of Georgia, enlisting in a Savannah Company. He has been a member of the fire department of Savannah, has been a policeman in Savannah, and is now a sergeant of police in that city. He established his good reputation as a citizen by witnesses who are native citizens. Center had a brother and uncle who were naturalized; and, as I understand his testimony, he says he thought they were naturalized because they were of age when they came to this country, but that he did not need naturalization papers, because he was a minor when he came over.

The act in question provides, first:

"That any person belonging to the class of persons authorized and qualified under existing law to become a citizen of the United States who has resided constantly in the United States during a period of five years next preceding May first, nineteen hundred and ten."

Center clearly comes within this provision of the act. He had, in May, 1910, resided constantly in the United States for nearly 9 years, having come to this country in July, 1901.

The next provision is:

"Who, because of misinformation in regard to his citizenship or the requirements of the law governing the naturalization of citizens has labored and acted under the impression that he was or could become a citizen of the United States and has in good faith exercised the rights or duties of a citizen or intended citizen of the United States because of such wrongful information and belief."

It is clear from the evidence that Center has acted under the impression that he was a citizen of the United States, and so acted because of misinformation. He has established an excellent character, and evidently allowed himself to be registered and was registered under the impression on his part that he was a citizen. I am satisfied of that from the evidence, and that he then proceeded to exercise the rights and duties of a citizen because of that belief. His having filled the different positions he has, it seems to me, shows that he considered himself a citizen and entitled to the rights of citizenship. One of the witnesses, Mr. Eason, who was lieutenant in Company I, First Infantry of Savannah, speaks very highly of him, and he says he was "as good as a man could be—never knew him to be in any trouble at all. So far as I know he was a good citizen." And he then speaks of his taking the oath a man must take to join the Guards, and says "it was the War Department oath."

[2] The next language of the act is:

"And the court in its judgment believes that such person has been for a period of more than five years entitled upon proper proceedings to be naturalized as a citizen of the United States, receive from the said court a final certificate of naturalization, and said court may issue such certificate without requiring proof of former declaration by or on the part of such person of their intention to become a citizen of the United States."

Just as this point is the only serious question in Center's case. It has been held that the period of 5 years spoken of in this part of the act must be 5 years prior to May 1, 1910. I am unable to agree with this view of the statute. It seems to me entirely clear that the statute means that the person applying for citizenship must have been, for a period of more than 5 years prior to the time of filing his application for naturalization, entitled to be naturalized as a citizen of the United States. Center's application was filed in 1914, considerably more than 5 years after he became entitled, under proper proceedings, to be naturalized; that is to say, he arrived in this country in 1901, and was entitled after he became of age to institute proceedings for naturalization. I do not see any reason whatever why the act should be restricted to a period of 5 years prior to May 1, 1910. He must have resided in the United States 5 years before May 1, 1910, but I do not think it was necessary that he should have attained the age of 21 years 5 years before that time. The time that he must have been entitled, upon proper proceedings, to be naturalized, is 5 years prior to the filing of his application. I am wholly unable to agree with the cases to the contrary (In re Urdang [D. C.] 212 Fed. 557; In re Peters [D. C.] 213 Fed. 541), and, with the highest respect, I must differ with the conclusions they have reached.

It is my opinion that Center is entitled to naturalization under the act in question. Proper proceedings will be taken when opportunity offers in open court in Savannah.