### In re HORECSNY.

(District Court, D. Idaho, S. D. December 19, 1916.)

ALIENS ⊙⟶68—NATURALIZATION—STATUTE.

Under Act June 25, 1910, c. 401, § 3, 36 Stat. 831, amending Act June 29, 1906, c. 3592, § 4, 34 Stat. 597 (Comp. St. 1913, § 4352), providing that any person qualified to be naturalized who has resided five years continuously in the United States prior to May 1, 1910, and who, because of misinformation regarding his citizenship or the requirements of law, has labored and acted under the impression that he was or could become a citizen, and has, in good faith, exercised the rights and duties of a citizen or intended citizen, may become naturalized without proof of a former declaration of intention, the belief that he could become a citizen and action thereunder, as well as the continuous residence, must have con-

tinued during the five years preceding the date mentioned, not merely during five years preceding the application for naturalization.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. ☞68.]

Application by Joseph Horecsny, otherwise known as Joseph Vogner, to become a citizen. Application dismissed.

E. J. Dockery, of Boise, Idaho, for applicant.

DIETRICH, District Judge. The applicant was born in Bohemia on April 25, 1886, and migrated to the United States in 1895, since which date he has resided in this country. On May 16, 1905, in the circuit court of Multnomah county, Or., he filed his declaration of intention to become a citizen of the United States. He was at that time a few days over 19 years of age. His application here is based upon the provisions of section 3 of an Act of June 25, 1910 (36 Stat. 831 [Comp. St. 1913, § 4352]), amending the general naturalization act of 1906, which is as follows:

"That any person belonging to the class of persons authorized and qualified under existing law to become a citizen of the United States who has resided constantly in the United States during a period of five years next preceding May 1, 1910, who, because of misinformation in regard to his citizenship or the requirements of the law governing the naturalization of citizens has labored and acted under the impression that he was or could become a citizen of the United States and has in good faith exercised the rights or duties of a citizen or intended citizen of the United States because of such wrongful information and belief may, upon making a showing of such facts satisfactory, to a court having jurisdiction to issue papers of naturalization to an alien, and the court in its judgment believes that such person has been for a period of more than five years entitled upon proper proceedings to be naturalized as a citizen of the United States, receive from the said court a final certificate of naturalization, and said court may issue such certificate without requiring proof of former declaration by or on the part of such person of their intention to become a citizen of the United States, but such applicant for naturalization shall comply in all other respects with the law relative to the issuance of final papers of naturalization to aliens."

It is not questioned that during the five-year period immediately preceding May 1, 1910, the applicant was a resident in good faith of the United States, or that he had all of the requisite qualifications to be admitted to citizenship other than that during a portion of such period he was a minor. Upon the other hand, it is not pretended by him that during the whole of that period he "labored and acted under the impression that he was or could become a citizen of the United States, and (has) in good faith exercised the rights or duties of a citizen or intended citizen of the United States, because of" wrongful information and belief touching his personal status and rights. He does contend, and has made a sufficient showing to the effect, that during the period of five years immediately preceding his application, which was filed in this court on the 18th day of September, 1916, he had all of the requisite qualifications for citizenship, and acted under the impression that he could become a citizen, and exercised certain rights and duties of citizenship.

I am inclined to think that the applicant does not show a sufficient familiarity with the Constitution and laws of the United States to justify his admission; but that is a deficiency which he could very easily overcome, no doubt, and, if that were the only valid objection to his present admission, I would be inclined to give him further time for study.

The real question which has been argued, and which is not free from difficulty, is whether or not the qualifications prescribed by the amendatory act relate to the period beginning with May 1, 1905, and extending up to the date of the application, or whether, aside from the mere requirement of residence, which it must be and is conceded relates in the first instance to the period beginning with May 1, 1905, the qualifications are required only for a period of more than five years immediately preceding the date of the application. The language of the act is ambiguous, and the legislative intent is elusive; but analysis and reflection tend to confirm my first impression, which was that all of the prescribed qualifications must have existed during the period intervening between May 1, 1905, and the date of the application. By just what specific cases or peculiar circumstances the provision was originally suggested to the legislative mind I am not advised, but doubtless it was intended to be remedial and to give relief to individuals or a class of individuals, the actual status of whom was brought to the attention of Congress. The act does not look to the future, but is concerned with a condition existing when the bill was introduced for passage. If the past tense had been used instead of the perfect, and if therefore the language were, "who resided constantly in the United States," instead of, "who has resided constantly in the United States," and "labored and acted" instead of "has labored and acted," and "exercised the rights or duties of a citizen" instead of "has (in good faith) exercised the rights or duties of a citizen," and "was for a period of more than five years entitled, etc.," instead of "has been for a period of more than five years entitled, etc.," little doubt would be left touching the meaning of the section. But it will be noticed that the same tense has been carried throughout the section, and where it is first used it undoubtedly refers to the period beginning with May 1, 1905, a fact which tends to weaken the argument that its use in the subsequent clauses necessitates the view that the period relates back from the time of the filing of the application or of the hearing. The act, while not approved until June 25th, is to be deemed to be a legislative declaration as of the first day of May, 1910.

The view I have taken seems to find support in In re Urdang, 212 Fed. 557, and In re Peters, 213 Fed. 541. And apparently it is opposed to In re Fleury, 223 Fed. 803.

The application will be dismissed.